# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **THOMAS M. FRANCIS, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-1473 (JDB)** |
| | ) | |
| **DISTRICT OF COLUMBIA, <u>et al.</u>,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## FIRST AMENDED COMPLAINT
## (<u>Employment Discrimination</u>)

Thomas M. Francis, Jr., for his First Amended Complaint against the Defendants, District of Columbia and the D.C. Office of Property Management, hereby states as follows:

## <u>JURISDICTION AND VENUE</u>

1.    This is an action for damages and injunctive relief for race discrimination and retaliation by the Defendants in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, <u>et seq.</u> (hereafter "Title VII"), and the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01, <u>et seq.</u> (hereafter "D.C.H.R.A." or "D.C. Human Rights Act"). This Court has jurisdiction under section 706(f)(3) of Title VII (42 U.S.C. § 2000e-5(f)(3)), 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental). Jurisdiction of this Court is also based on 28 U.S.C. §1332, because there is complete diversity of citizenship between plaintiff and all defendants, and since the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs. Venue lies in this judicial district pursuant to 28 U.S.C. §§2000e-5(f), 1391(a)(1), (a)(2), because this is where plaintiff was and would be

employed but for defendants' discrimination and retaliation, and where defendants engaged in their unlawful acts.

2.    Mr. Francis filed a timely charge with the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging race discrimination on the part of the District of Columbia and the D.C. Office of Property Management ("OPM") in connection with the termination of his employment as Chief, D.C. Protective Services.  On September 15, 2005, the EEOC issued a finding of probable cause.  Subsequently, conciliation having failed, the EEOC referred Mr. Francis' charge to the Department of Justice, pursuant to 42 U.S.C. § 2000e(f)(1).  On August 9, 2007, the Department of Justice issued Mr. Francis a Notice of Right to Sue.  This case was timely initiated on August 15, 2007.  This charge is embodied in Count I below.

3.    On September 28, 2007, pursuant to section 12-209 of the District of Columbia Code, Plaintiff, through counsel, notified the Office of the Mayor of the District of Columbia in writing of his claim of retaliation under the District of Columbia Human Rights Act. This claim is set forth in Count II below.

## **PARTIES**

4.    Plaintiff, Thomas M. Francis, Jr., is a Caucasian male who, until the termination of his employment, served as the Chief of D.C. Protective Services of the D.C. Office of Property Management.  Mr. Francis's chosen occupational specialty is as an executive in the provision of protective and security services.  At all times relevant, Plaintiff was employed by defendants within the District of Columbia.  Plaintiff resides at 14830 Statler Drive, Woodbridge, Virginia 22193.

5.    Defendant, District of Columbia, is a municipal corporation created by Congress with authority to sue and be sued.  *See* Section 1-102, District of Columbia Code (2007).  The Office

of Property Management ("OPM") is an agency of the District of Columbia government.  D.C.

Protective Services (hereafter "PSD") is a division of OPM.  At all times pertinent to this

litigation, PSD has been charged with providing security to the personnel and property of the

District of Columbia. The District of Columbia and OPM are employers and were Plaintiff's

employers, within the meaning of Title VII and the D.C.H.R.A.

## STATEMENT OF THE CASE

### Background

6.    In October of 1999, Thomas Francis was hired by OPM as Chief of PSD.  Prior to

becoming Chief, Mr. Francis had achieved considerable success working as a security executive.

Immediately prior to assuming his position with OPM, Mr. Francis had been employed by Mobil

Oil Corporation as head of its security department, with responsibility for its facilities in

Northern Virginia.

7.    At the time Mr. Francis assumed his responsibilities at OPM, Kenneth Kimbrough, the

head of the agency, was concerned over the efficacy of PSD.  Based on this concern, he directed

Mr. Francis to conduct an analysis of the division's operations and make appropriate

recommendations.  In due course, Mr. Francis developed a five year plan of action that included

a complete revision of the division's operating procedures and a number of major personnel

realignments.  The new procedures recommended by Mr. Francis were implemented and remain

in place today.

8.    As a consequence of improvements in its operations put in place by Mr. Francis, PSD

became a respected authority in matters related to physical security, within the federal

government and the District of Columbia.  It was called on by the U.S. Department of Housing

and Development and the U.S. Holocaust Museum to review and comment on their security

programs, and was put in charge of maintaining order during the Anthrax screening of over 15,000 people related to the tainted letters delivered to the U.S. Senate. PSD's methods of controlling the flow and keeping large numbers of people orderly in a tense and fearful environment were largely adopted by the U.S. Department of Health and Human Services and the Center for Disease Control. PSD was a major and critical player in all the new disaster plans developed by the District of Columbia after 9/11.

9.    At the time Mr. Francis was hired by OPM, the position of Chief, D.C. Protective Services was a Grade 14 in the career civil service. In 2000 the position was re-classification into a new category of managerial employees, named the Management Supervisory Services ("MSS"). Employees of the District of Columbia who, like Mr. Francis, were transferred into the MSS became at will employees.

10.    Pursuant to regulations adopted by the Defendants, each MSS executive is to work under a "Performance Plan" and is to receive an annual "Performance Rating," which measures his or her performance against the provisions of the Plan. *See* CDCR §§ 6-3816.1, 6-1400.1(c), 6-1404, and 6-1405.2.

11.    Throughout the period of his incumbency, including the period when he worked as an MSS employee, Mr. Francis received excellent performance ratings, as a consequence of which his salary went from $78,000 annually at the outset of his employment to $98,000 annually at the time of the termination of his employment.

12.    In mid-2002, following an audit conducted by Defendants' personnel office, Mr. Francis' position was upgraded to Grade 15.

## Defendants' Discrimination And Retaliation Toward Mr. Francis

13.  More than three years after Mr. Francis's initial hire, Marceline Alexander, an African American female, served first as chief of staff and subsequently as Acting Director of OPM.  Ms. Alexander encumbered one of these positions at all times relevant to this Complaint.  Virtually all of the OPM personnel discharged by Ms. Alexander were white, while all or virtually of the personnel hired by her were African American.

14.  On July 14, 2003, Mr. Francis was directed by the Deputy Chief of Protective Services, Arnold Bracey, to report to the office of Ms. Alexander, who was by then Acting Director of OPM.  Mr. Francis was also instructed to surrender his gun to Mr. Bracey prior to the meeting.

15.  Once in Ms. Alexander's office, Ms. Alexander informed Mr. Francis that his employment was being terminated for the convenience of the District of Columbia and OPM and without cause.

16.  Ms. Alexander gave Mr. Francis no cause for terminating his employment, none has ever been given, and none has ever existed.  As alleged in paragraph 9 above, as Chief of PSD, Mr. Francis was a member of the District's MSS and, as such, was an at will employee of the District.  Hence, Mr. Francis received no notice of the grounds for his termination; or an internal administrative process to appeal, grieve, or otherwise contest his termination.

17.  After terminating Mr. Francis, defendants posted Mr. Francis's position of Chief of PSD for competition.  The Vacancy Announcement which advertised for Mr. Francis' replacement identified the position as a Grade 15, as had been Mr. Francis's Grade when he was Chief of PSD.

18.  After the foregoing Vacancy Announcement was posted, defendants withdrew it and ended all competition under it.

19.  On November 10, 2003, defendants re-advertised the position of Chief of PSD but this time at Grade 14, ostensibly for competition.

20.  On January 13, 2004, after a sham competitive process, defendants selected Plez Jenkins, an African American male, as the Chief of PSD at the Grade 14 level.

21.  At the time of his selection, Mr. Jenkins encumbered a Grade 13 position with the District of Columbia and was ineligible for hire above Grade 14.

22.  Mr. Jenkins was per se unqualified to serve as the Chief of PSD at the Grade 15 level, and manifestly less qualified than Mr. Francis for the position.

23.  In discharging Mr. Francis and replacing him with Mr. Jenkins as Chief of PSD, defendants discriminated against Mr. Francis on account of his race (Caucasian).

24.  As a consequence of his unlawful discharge, Mr. Francis suffered severe and on-going pecuniary loss and damages.  Despite diligent efforts, including but not limited those identified below in the paragraphs 26 and 27, Mr. Francis has been unable to secure a position in his chosen occupational field as an executive in the provision of protective and security services, or in any position at or near his level of compensation with defendants.

25.  In February 2007, Mr. Francis applied for two positions with the District of Columbia government, each of which was within his chosen occupational field.

26.  The first position was with the Emergency Management Agency as the Chief, Operations Division (Grade 15) (Reference code 7779).

27.  The second position was Risk Management Coordinator (Grade 14) for the Office of Property Management. (Reference code 5881), the parent agency for the Protective Services Division.

28.  Prior to his termination, Mr. Francis had performed the duties of the position of Risk Management Coordinator as part of his duties as Chief of PSD.

29.  Mr. Francis was qualified for and met or exceeded all requirements of the foregoing positions.

30.  Defendants never responded to Mr. Francis' applications for either of the foregoing positions and selected other candidates for them.

31.  On information and belief, Mr. Francis was the best qualified candidate for each of the foregoing positions.

32.  Defendants' actions in failing to consider Mr. Francis for either of the foregoing positions were taken in retaliation for filing of a charge of discrimination against defendants with the EEOC.

33.  Defendants' actions in failing to offer Mr. Francis either or both of the foregoing positions were taken in retaliation for filing of a charge of discrimination against defendants with the EEOC.

34.  Defendants' unlawful action in discharging Mr. Francis as Chief of PSD interrupted Mr. Francis' upwardly mobile career path, perhaps permanently, and caused him not only substantial pecuniary loss but also grave anxiety over his ability to support his wife and children. The effects of defendants' unlawful termination of Mr. Francis have been exacerbated by their refusal to consider Mr. Francis for either of the positions identified in paragraphs 26 and 27 above, or to offer either position to him.

35.  Mr. Francis's previously excellent reputation in the close-knit executive field providing protective and security services has been irreparably damaged as a direct and proximate result of defendants' unlawful actions.

36.  As a consequence of the foregoing, Mr. Francis has suffered severe mental distress with harmful manifestations and symptoms, among them frequent nightmares; difficulty sleeping; high blood pressure; and interference with inter-personal relationships.

## COUNT I
## (<u>Race discrimination in violation of Title VII</u>)

37.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 36 hereof.

38.  Defendants terminated the employment of the Plaintiff as Chief of PSD, reduced the grade level of the position from Grade 15 to Grade 14, re-advertised the position at Grade 14, and selected a manifestly less qualified non-Caucasian in order to discriminate against plaintiff on account of his race (Caucasian).

39.  Defendants' termination of Mr. Francis's employment resulted in plaintiff being foreclosed from pursuing his chosen occupation as an executive in the provision of security and protective services.

40.  In taking the foregoing actions, Defendants subjected plaintiff to adverse employment action; materially and adversely altered the terms, conditions, and privileges of Plaintiff's employment and Plaintiff's future employment opportunities; foreclosed Plaintiff from obtaining comparable future employment; stigmatized Plaintiff; and damaged Plaintiff's professional reputation and standing in the community of law enforcement agencies in which he was formerly employed.

41.  In taking the foregoing actions and discriminating against plaintiff on account of his race, defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2.

42.  Defendant's violation of plaintiff's civil rights caused him to suffer past and future pecuniary loss, emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

**COUNT II**
**(<u>Retaliation in violation of the District of Columbia Human Rights Act</u>)**

43.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 42 hereof.

44.  In February 2007, Mr. Francis applied for two positions with the District of Columbia government.

45.  The first position was with the Emergency Management Agency as the Chief, Operations Division (Grade 15) (Reference code 7779).

46.  The second position was Risk Management Coordinator (Grade 14) for the Office of Property Management. (Reference code 5881), the parent agency for the Protective Services Police.

47.  Each of the two foregoing positions was within Mr. Francis's chosen occupational field as an executive in the provision of protective and security services.

48.  Prior to his termination, Mr. Francis had performed the duties of the position of Risk Management Coordinator as part of his duties as Chief of PSD.

49.  Mr. Francis was qualified for and met or exceeded all requirements of both of the foregoing positions.

50.  Defendants never responded to Mr. Francis' applications for either of the foregoing positions and selected other candidates for them.

51.  On information and belief, Mr. Francis was the best qualified candidate for each of the foregoing positions.

52.  Defendants retaliated against plaintiff by failing to consider him for either of the two foregoing positions for his prior protected activity of filing and pursuing a charge of

discrimination against defendants with the EEOC in a manner that would dissuade a reasonable worker from making or supporting a charge of discrimination.

53.  Defendants retaliated against plaintiff by failing to offer him either of the two foregoing positions for his prior protected activity of filing and pursuing a charge of discrimination against defendants with the EEOC in a manner that would dissuade a reasonable worker from making or supporting a charge of discrimination.

54.  In taking the foregoing actions, defendants retaliated against plaintiff and interfered with plaintiff's exercise, enjoyment and enforcement of rights protected under the DC Human Rights Act, D.C. Code §§2-1402.61, et seq.

55.  In taking the foregoing actions and retaliating against plaintiff for filing a charge of discrimination against defendants with the EEOC, defendants violated the D.C. Human Rights Act. (D.C. Code §§ 2-1401.01, *et seq.*)

56.  Defendants' violation of plaintiff's civil rights caused him to suffer past and future pecuniary loss, emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

57.  Defendants' violation of plaintiff's civil rights were egregious and taken in conscious disregard of or with deliberate indifference to plaintiff's rights under the DC Human Rights Act, DC Code §2-1402.61; outrageously, wantonly, and oppressively; and with legal and actual malice.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, and award him the following relief:

A.       An Order declaring that the Defendants violated Plaintiff's rights under Title VII and the D.C. Human Rights Act in discharging plaintiff as Chief of PSD, refusing to consider Plaintiff's applications for employment for positions as the Chief, Operations Division (Grade 15) for the D.C. Emergency Management Agency or as Risk Management Coordinator for OSD (Grade 14), and refusing to offer Plaintiff either of the foregoing positions.

B.       An Order reinstating Plaintiff as Chief of PSD or appointing Plaintiff as Chief, Operations Division (Grade 15) for the D.C. Emergency Management Agency, or as Risk Management Coordinator for OSD (Grade 14) or, in the alternative, frontpay for a period of not less than five years from the entry of final judgment.

C.       Backpay.

D.       Record correction.

E.       Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the economic and non-pecuniary injuries he suffered as a result of his retaliatory discharge.

F.       Punitive damages in an amount to be determined at trial not less then treble the amount of compensatory damages.

G.       The attorneys' fees and costs incurred by Plaintiff in the prosecution of this action and the administrative processes which preceded it.

H.    Such other relief as may be just and appropriate.


Respectfully submitted,




_____/s/_____                    _____/s/_____
Woodley B. Osborne, Esq.                 Robert C. Seldon, Esq.
  Bar No. 043406                           Bar No. 245100
Suite 300                                Jennifer R. Amore, Esq.
1250 Connecticut Avenue, N.W.              Bar No. 975907
Washington, D.C. 20036                   Robert C. Seldon & Associates, P.C.
202-822-5100                             1319 F Street NW, Suite 305
                                         Washington, D.C. 20004
                                         202-955-6968


Counsel for Plaintiff

Dated:  October 22, 2007