UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS M. FRANCIS,                )
                                  )
            Plaintiff             )
                                  )Civil Action No. 07CV1473(JDB)
        v.                        )
                                  )
DISTRICT OF COLUMBIA, et al )
        .                         )
            Defendant.            )
_____           )

## ANSWER TO THE FIRST AMENDED COMPLAINT

Defendants, by and through undersigned counsel, hereby answer the First Amended Complaint in the above-captioned matter.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

1. Defendant admits the existence of the statutory references in paragraph 1 of the First Amended Complaint but denies that jurisdiction is necessarily conferred on this court or defendant solely by reason thereof. The remaining allegations are conclusions of law or of the pleader to which no response is required.

2. The allegations contained in paragraph 2 of the Complaint are conclusions of law and of the pleader to which no response is required.

3.   The allegations contained in paragraph 3 of the Complaint are conclusions of law Defendants admit that Thomas M. Francis is a Caucasian male who at the time of his and of the pleader to which no response is required.

4.   Defendants admit that Thomas M. Francis is a Caucasian male who at the time of his separation from his employment served as served as Protective Services Manager. Defendants are without sufficient information to form a belief as tom the truth of the remaining allegations contained in paragraph numbered  4.

5.   Defendants admit that the District of Columbia is a municipal corporation and the Office of Property Management is an agency of the Government of the District of Columbia.  The remaining allegations contained in paragraph 5 of the First Amended Complaint  conclusions of law and of the pleader to which no response is required.

6.   Defendants admit that plaintiff was hired in 1999 by the Office of Property Management  as  a  Protective  Services  Officer.  Defendants  are  without  sufficient information to form a belief as tom the truth of the remaining allegations contained in paragraph numbered  6.

7.   Defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph numbered 7.

8.   Defendants are without sufficient information to form a belief as tom the truth of the remaining allegations contained in paragraph numbered  8.

9.  Defendants admit that plaintiff was hired in the Career Service as a Protective Services Officer at Grade 14. . Subsequently, plaintiff agreed to enter the Management Supervisory Service. The remaining allegations contained in paragraph numbered 9 are conclusions of law and of the pleader to which no response is required.

10.   The allegations contained in paragraph numbered 10 are conclusions of law and of the pleader to which no response is required.

11.   The allegations contained in paragraph numbered 11 are conclusions of law and of the pleader to which no response is required..

12   Defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph numbered 12.

13.   The allegations contained in paragraph numbered 13 are denied.

14.   The allegations contained in paragraph numbered 14 are denied.

15.   The allegations contained in paragraph numbered 15 are denied.

16.   Defendants admit that plaintiff was a member of the Management Supervisory Service. The remaining allegations contained in paragraph numbered 16 are legal conclusions and of the pleader to which no response is required.

17.   Defendants admit that a Vacancy Announcement for the position of Protective Services Manager was advertised. The remaining allegations contained in paragraph numbered 17 are conclusions of law and of the pleader to which no response is required.

18.   The allegations contained in paragraph numbered 18 are denied.

19.   Defendants admit that a Vacancy Announcement for the position of Protective Services Manager was advertised on November 10, 2003. The remaining allegations contained in paragraph numbered 19 are conclusions of law and of the pleader to which no response is required.

20.   Defendants admit that Plez Jenkins was selected for the position of Protective Services Manager as a result of the Vacancy Announcement advertised on

November 10, 2003. The remaining allegations contained in paragraph numbered 20 are denied.

21.    The allegations contained in paragraph numbered 21 are legal conclusions and of the pleader to which no response is required. To the extent that a response is required, said allegations are denied.

22.    The allegations contained in paragraph numbered 22 are legal conclusions and of the pleader to which no response is required. To the extent that a response is required, said allegations are denied.

23.    The allegations contained in paragraph numbered 23 are denied.

24.    The allegations contained in paragraph numbered 24 are denied.

25.    Defendants are without sufficient information to form a belief as to the truth of the allegation that 'In February 2007, Mr. Francis applied for two positions with the District of Columbia Government". The remaining allegations contained in paragraph numbered  25 are legal conclusions and of the pleader to which no response is required.

26.    Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph numbered 26.

27.    Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph numbered 27.

28.    The allegations contained in paragraph numbered 28 are denied.

29.    The allegations contained in paragraph numbered 29 are denied.

30.    The allegations contained in paragraph numbered 30 are legal conclusions and of the pleader to which no response is required

31.    The allegations contained in paragraph numbered 31 are legal conclusions and of the pleader to which no response is required.

32.    The allegations contained in paragraph numbered 32 are denied.

33.    The allegations contained in paragraph numbered 33 are denied.

34.    The allegations contained in paragraph numbered 34 are denied.

35.    The allegations contained in paragraph numbered 35 are denied.

36.    The allegations contained in paragraph numbered 36 are denied.

<u>COUNT I</u>
(Race Discrimination in Violation of Title VII)

37.    Defendants incorporate their answers to paragraphs 1 through 36 as stated above.

38.    The allegations contained in paragraph numbered 38 are denied.

39.    The allegations contained in paragraph numbered 39 are denied.

40.    The allegations contained in paragraph numbered 40 are denied.

41.    The allegations contained in paragraph numbered 41 are denied.

42.    The allegations contained in paragraph numbered 42 are denied

<u>COUNT II</u>
(Retaliation in Violation of the District of Columbia Human Rights Act)

43.    Defendants incorporate their answers to paragraphs 1 through 42  as stated above.

44.    Defendants are without sufficient information to form a belief as to the truth of the allegation that 'In February 2007, Mr. Francis applied for two positions with the District of Columbia Government".

45.  Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph numbered 45.

46.  Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph numbered 46.

47.  The allegations contained in paragraph numbered 47 are legal conclusions and of the pleader to which no response is required.

48.  The allegations contained in paragraph numbered 48 are denied.

49  The allegations contained in paragraph numbered 49 are denied.

50.  The allegations contained in paragraph numbered 50 are legal conclusions and of the pleader to which no response is required.

51.  The allegations contained in paragraph numbered 51 are legal conclusions and of the pleader to which no response is required.

52.  The allegations contained in paragraph numbered 52 are denied.

53.  The allegations contained in paragraph numbered 53 are denied.

54.  The allegations contained in paragraph numbered 54 are denied.

55.  The allegations contained in paragraph numbered 55 are denied.

56.  The allegations contained in paragraph numbered 56 are denied.

57.  The allegations contained in paragraph numbered 57 are denied.

Defendants submit that any allegations herein that have not been admitted or denied are hereby denied.

**THIRD DEFENSE**

Plaintiff might have failed to exhaust his administrative remedies and failed to comply with other mandatory filing requirements in a timely manner.

## FOURTH DEFENSE

Plaintiff might have failed to timely file a grievance or claim or otherwise failed to protect himself from the conduct alleged in the complaint.

## FIFTH DEFENSE

All actions taken by the District's employees and this defendant relating to plaintiff were necessary, reasonable, pursuant to lawful authority, and based on legitimate, non-discriminatory reasons.

## SIXTH DEFENSE

The Complaint might not have been filed in a timely fashion.

## SEVENTH DEFENSE

If plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from plaintiff's own willful conduct.

## EIGHTH DEFENSE

Plaintiff would have been subjected to the alleged employment actions even if he had not engaged in protected activity.

## NINTH  DEFENSE

If the plaintiff was injured and/or damaged as alleged in the Complaint, his injuries and/or damages resulted from the sole or concurring intentional conduct or negligence of a person or persons, other than the District's employees, or this defendant acting within the scope of their employment.

## TENTH DEFENSE

Plaintiff might have failed to comply with the mandatory notice requirements of D.C. Code § 12-309 (2001 ed.).

## ELEVENTH DEFENSE

Plaintiff has failed to mitigate any damages that he may have incurred.

## TWELFTH DEFENSE

Plaintiff might have failed to meet the applicable statute of limitations.

## THIRTEENTH DEFENSE

This action may be barred by the doctrine of laches and/or unclean hands.

## FOURTEENTH DEFENSE

Plaintiff is not entitled to punitive damages

## FIFTEENTH DEFENSE

The Office of Property Management is non sui juris.

## REQUEST AND DEMAND FOR JURY TRIAL

Defendants respectfully request a jury trial in this matter.

WHEREFORE, the District of Columbia prays the Court will dismiss the Complaint and award it the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

Respectfully submitted,

LINDA SINGER
Attorney General for the
District of Columbia

GEORGE  C. VALENTINE
Deputy Attorney General, Civil Litigation Division

Kimberly M. Johnson

_____
KIMBERLY M. JOHNSON ( 435163)
Chief, General Litigation Section II

.

 Melvin W. Bolden, Jr.

 _____
 MELVIN W. BOLDEN, Jr. (192179)
 Assistant Attorney General
 441 Fourth Street, N.W,   Sixth Floor
 Washington, D.C. 20001
 (202) 724- 5695
 (202) 727- 3625 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served electronically on Woodley B. Osborne, Esquire and Robert C. Seldon, Esquire this 10th day of December, 2007.

Melvin W. Bolden, Jr.

_____
Melvin W. Bolden, Jr.
Assistant Attorney General

9