## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THOMAS M. FRANCIS, Jr.     )
                            )
        **Plaintiff,**         )
                            )
     **v.**                     )
                            )     **Civil Action No. 07-1473 (JDB)**
**DISTRICT OF COLUMBIA**     )
                            )
     **and**                  )
                            )
**OFFICE OF PROPERTY**        )
**MANAGEMENT**                )
                            )
        **Defendants.**      )
                            )

## PLAINTIFF'S PARTIAL CONSENT MOTION TO COMPEL
## DISCOVERY AND TO AMEND INITIAL SCHEDULING ORDER

Pursuant to Rules16 and 37(a), Fed. R. Civ. P.  Plaintiff hereby moves the

Court for an order 1) amending the Initial Scheduling Order of January 17, 2008

and 2) for an order compelling defendants to respond properly and completely to

his first round of written discovery

Plaintiff respectfully advises the Court that he has not had time to request

a teleconference before bringing this matter to the attention of the Court.  Until

yesterday, Plaintiff's counsel had understood that the defendant had consented

to this Motion and had been diligently working toward presenting this Motion

jointly.  For the first time yesterday, counsel for defendants advised counsel for

plaintiff that while defendants consented to plaintiff's proposed amendment of the

Court's Initial Scheduling Order, they would not consent to the terms proposed by

Plaintiff for the completion of their responses to Plaintiff's discovery requests. In addition, counsel for the defendant is now out of town, making a joint call to Chambers impossible.

Because discovery is set to close on September 2, 2008, and a status conference is scheduled for the following day, this Motion is being filed at this time.

This is an action for reverse discrimination and retaliation in connection with the defendants' termination of plaintiff's employment and the subsequent failure to consider him for two positions for which he was plainly qualified. *See* First Amended Complaint, ¶¶, 13-33.

Following the entry of the Court's scheduling order on January 17, 2008, plaintiff timely served his initial disclosures. On March 27, 2008, plaintiff served defendants with his first written discovery requests. (Ex. A). Until mid-June of 2008, defendants simply ignored plaintiff's discovery requests. Defendants' original counsel, who has since departed from the D.C. Office of the Attorney General, did not respond to the requests of plaintiff's counsel to confer about defendants' failure to answer, and eventually about defendants' inadequate responses. After repeated inquiry, responses to these requests were finally received by Plaintiff's counsel on June 19, 2008. (Ex. B.)

Defendants' responses were wholly inadequate, as documented by the letter of June 25, 2008, from counsel for plaintiff to counsel for defendants(Ex. C). Counsel's letter of June 25, 2008,was followed by a debilitating exchange of email correspondence, the flavor of which can be discerned in Exhibit D. By

email correspondence dated July 11, 2008, counsel for plaintiff proposed the terms of a discovery plan to be submitted jointly for the Court's approval. *See* Ex. D, p. 3. There was no substantive response to this proposal until July 15, 2008, when counsel was informed that Melvin Bolden, the Assistant Attorney General assigned to represent the Defendants, had left the Attorney General' Office and would shortly be replaced. *See* Ex. D. Efforts to engage Mr. Bolden's supervisor in substantive conversations were unsuccessful. *Id.*

In mid to late July, counsel for Plaintiff was contacted by Darrell Chambers, who had been assigned to succeed Mr. Bolden. Copies of the June 25th correspondence and the July 11th email message setting forth the terms of a proposed discovery plan were forwarded to Mr. Chambers on July 30th. Thereafter, the undersigned was given to understand that Mr. Chambers agreed to the terms of the proposed discovery plan and would join in a motion seeking its approval as well as an extension of the discovery cutoff and the other dates set forth in the Court's Initial Scheduling Order.[1]

As is more fully outlined in counsel's letter of June 25, there are three principal deficiencies in Defendants' discovery responses. First, defendants' provided no new documents in response to plaintiff's production requests, and lodged undifferentiated relevance or privilege based objections to virtually all requests. For example, and despite instructions contained in the requests,

---

[1] Late Friday, August 22, 2008 Mr. Chambers sent an email message to Ms. Amore, co-counsel for Plaintiff, indicating that he "consented to the requested relief." However, his proposed changes to the Motion eliminated all reference to defendants' obligations to properly supplement their responses to plaintiff's discovery requests.

defendants provided no intra office correspondence regarding plaintiff's employment and its termination. Second, defendants asserted privilege-based objections to virtually every request, but provided no privilege log, as required by Fed. R. Civ. P. 26(b)(5)A). Finally, the Interrogatories were signed by a paralegal in the Office of the Attorney General and not by an "officer or agent" of the Defendant as contemplated by Rule 33(b).

Accordingly, in addition to extending the deadlines set forth in the Initial Scheduling Order, Plaintiff also seeks an Order from the Court directing the defendants to meet their discovery obligations in the following specific respects, by requiring defendant's counsel to:

-- direct the Office of Personnel Management ("OPM"), its officers and agents, including without limitation, Marceline Alexander, Benita Anderson, Carol Mitten, Herbert Tillery, and any others with knowledge of the events surrounding the termination of the Plaintiff, the selection of his replacement, or his rejection for the two positions set forth in paragraphs 26 and 27 of his First Amended Complaint, to search both agency records and their own personal records and files for documents or information responsive to Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents. These searches shall extend to all electronically stored information, including information stored by OPM or by any of the aforementioned officers or agents on personal computers or in other locations. Defendants shall thereafter provide to the Plaintiff the

identify of a person or persons with knowledge of the results of the foregoing searches.

-- provide the plaintiff with a privilege log listing all of the documents and other information that defendants are withholding on the basis of privilege, stating with respect to each document the privilege on which they rely and in all other respects complying with the Instructions in Plaintiff's First Set of Requests for Production of Documents and Interrogatories for claiming privilege over the production of documents and information.

-- provide the plaintiff with Answers to Plaintiff's First Interrogatories that are signed by an "officer or agent" of the Office of Property Management; and

-- provide the plaintiff with copies of all documents and information that is covered by Plaintiff's First Interrogatories or Plaintiff's First Request for Production of Documents, that Defendant's contend are protected from disclosure by D.C. Code §§ 1-631 et seq. and related regulations, subject to the provisions of a Protective Order that will be submitted to the Court for approval.[2]

---

[2] Counsel have agreed to the entry of a protective order.  We assume that this agreement will remain in effect, and counsel for plaintiff is prepared to submit a Stipulated Joint Protective Order (modeled on the one entered by this Court in Kalinoski v. Gutierrez, Civ. Action No. 04-1206 (JDB) (Order of Dec. 9, 2004)  for the Court's approval on the return of defendants' counsel from vacation.

Plaintiff also request that the Court caution defendants that further failure to provide discovery may result in sanctions, as provided by Rule 37, Fed. R. Civ. P., including establishing disputed facts in plaintiff's favor and imposing the fees and costs of further efforts by plaintiff's counsel to secure responses to discovery. As made clear by the facts set forth earlier and the accompanying Exhibits, plaintiff's counsel has moved diligently and made every effort to avoid bringing this dispute to the Court. Further failure on defendant's part to meet discovery obligations, to meet and confer in a timely fashion, or to fail to reach agreement on measures that would allow the case to proceed in an orderly fashion, would justify the imposition of sanctions under Rule 37.

Finally, because of the delays that have been occasioned by the Defendants conduct, it is as a practical matter necessary to request an extension of the time for the completion of discovery. The parties did agree to new dates, and it is these dates which are herewith submitted to the Court for approval:

September 26, 2008 – Defendants complete responses to Plaintiff's first discovery requests including any claims of privilege;

October 3, 2008 - Plaintiff's responses to Defendants' First Interrogatories and Requests for Production;[3]

December 31, 2008 -- discovery to be completed.

Thereafter, at a time to be determined by the Court, a post-discovery status hearing shall be scheduled, at which time the parties will address whether

---

[3] Defendants served discovery requests on Plaintiff's lead counsel on or about July 1, 2008, when he was on vacation. Because counsel was unaware they had been served until late July, responses have not yet been completed.

to continue with briefing on dispositive motions or for this case to be referred for alternative dispute resolution.[4]  Unless this case is referred for alternative dispute resolution, dispositive motions shall be filed on or before February 15, 2009; oppositions thereto shall be filed on or before March 15, 2009; and replies if any shall be filed on or before April 1, 2009.

In all other respects, the Court's Initial Scheduling Order of January 17, 2008 shall remain unmodified and in effect.

Respectfully submitted,


/s/ Woodley B. Osborne
WOODLEY B. OSBORNE
DC Bar no. 043406
Suite 300
1250 Connecticut Ave., N.W.
District of Columbia
Washington, DC 20036
202-822-5100

Counsel for the Plaintiff

Dated: August 26, 2008

Robert C. Seldon, Esq.
DC Bar no. 245100
Jennifer R. Amore, Esq.
DC Bar no. 975907
Robert C. Seldon & Associates, Inc.
1319 F Street NW, Suite 200
Washington, D.C. 20004
202-393-8200

---

[4] Plaintiff is amenable to appearing at the upcoming status conference on September 3, 2008; or, if the Court so directs, to having the conference continued until the close of discovery.

<u>**Ex  A**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THOMAS M. FRANCIS, Jr. | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | )     **C.A. No. 07-1473 (JDB)** |
| DISTRICT OF COLUMBIA, | ) |
| et al., | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS, INTERROGATORIES, AND REQUESTS FOR ADMISIONS

### INSTRUCTIONS

Plaintiff Thomas M. Francis hereby propounds Plaintiff's First Request For Production of Documents and First Set of Interrogatories on Defendant, District of Columbia pursuant to 29 C.F.R. § 1614.109(d) and the Acknowledgement and Order in this case. Serve a copy of your Answers and Responsive Documents no later than April 29, 2008 on counsel for Plaintiff, Jennifer R. Amore, Esq., Robert C. Seldon & Associates, P.C., 1319 F Street, N.W., Suite 200, Washington, D.C., 20004. Respond in accordance with the Instructions and Definitions contained herein and the Federal Rules of Civil Procedure.

### INSTRUCTIONS

This discovery initiative extends to all responsive information and documents within your custody or possession or otherwise subject to your control, whether located on your business premises, or at the business premises or residences of your agents, attorneys, officers, representatives, employees, contractors, sub-contractors, parents, holding companies, affiliates, offices, officials, members, directors, representatives, employees, agencies, departments,

councils, bureaus, subsidiaries, units, divisions, and parts, or elsewhere.

<u>Segregate and index all responsive documents</u> according to the number of the Request(s) For Production or Interrogatories to which they respond.

<u>If any responsive information or documents cannot be or are not produced in full due to their loss, destruction, or misplacement</u>, identify all such information and documents; provide a complete and accurate account of the reasons for nonproduction and the circumstances surrounding their destruction, loss, or unavailability; identify persons with personal knowledge of the circumstances surrounding their destruction, loss, or unavailability; and respond to the fullest extent possible.

<u>If any responsive documents or information is withheld on the grounds of privilege</u>, identify:

> (a.)  the author(s), address(es), recipients(s), present custodian(s), and date(s) of all such documents;

> (b.)  all other persons who have seen or learned of all or part of any such document;

> (c.)  the subject matter and contents of each such document;

> (d.)  the specific basis for the claim of privilege; and

> (e.)  all other information necessary to adjudicate the propriety of your claim of privilege.

<u>In responding to this discovery initiative, you have a duty to consult every available source</u> including, but not limited to your present and past agents, attorneys, officers, representatives, employees, contractors, sub-contractors, affiliates, officers, directors, representatives, employees, agencies, departments, bureaus, subsidiaries, units, divisions,

including without limitation Marceline D. Alexander, Benita Anderson, Carol J. Mitten, and Herbert Tillery.

This discovery initiative is continuing in character and must be supplemented to the extent required by the Federal Rules of Civil Procedure.

## DEFINITIONS

Unless the text indicates to the contrary:

A.    "You" of "your" means the District of Columbia and all of your agents, attorneys, officers, representatives, employees, contractors, sub-contractors, affiliates, parents, holding companies, offices, officials, members, directors, representatives, employees, agencies, departments, bureaus, subsidiaries, units, divisions, parts, offices, parents, predecessors, successors, or assigns of the agency. Where documents, knowledge or information in your custody or possession or subject to your control is requested or referred to, such request or referral includes documents, knowledge, and information in the custody or possession or subject to the control of all of the foregoing persons and entities.

B.    "Document" means the original and all non-identical copies of all writings, drawings, graphs, charts, and plans; photographs, tapes, and recordings; compact disks, laser disks, computer disks and other computer recordations or storage mediums and print-outs thereof; e-mails; and digital, electronic, and electro-magnetic records.

C.    "Person" means any individual, government entity, natural person, corporation, partnership, association, joint venture, sole proprietorship, limited liability company, firm or other business enterprise or legal entity, or any of such person's agents, attorneys, officers, representatives, employees, contractors, sub-contractors, affiliates, offices, officials, members, directors, representatives, employees, agencies, departments, bureaus, subsidiaries, units,

divisions, parts, parents, holding companies, predecessors, successors, or assigns.

D.     "Identify" with respect to a person means to provide each such person's name and last known business address, place of residence, and business and residence telephone numbers.

E.     "Identify" with respect to a document means to provide a description thereof, its title, the date of its creation and transmission(s), its author(s), its recipient(s), its subject matter(s), and all attachments thereto.

F.     "And" and "or" mean "and/or."

G.     Use of the singular is deemed to include the plural and vice versa.

H.     Use of the feminine is deemed to include the masculine and vice versa.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.)    Provide copies of the official, signed and approved organizational charts for the D.C. Office of Property Management ("OPM") showing all positions by official title, series, and grade level, and number of incumbents from:

      a.   immediately before the re-classification of employees into the Management Supervisory Services ("MSS");

      b.   immediately after the re-classification of employees into the MSS; and

      c.   the current organization of OPM.

2.)    All documents that refer or relate, whether in whole or in part, to the performance and conduct of Plaintiff while in your employ including, but not limited to, his official and unofficial personnel files, performance appraisals, awards, commendations, salary history, position descriptions, individual development plans, records of work assignments, memoranda and e-mails concerning performance, and corrective, remedial, disciplinary or other personnel action involving him.

3.)      All reports of investigation, inquiries, inspections, or other reviews that refer or relate, whether in whole or in part, to the performance or conduct of Plaintiff or to any misconduct (actual or alleged) in which he engaged or witnessed in any of his supervisory positions.

4.)      All documents that refer or relate, whether in whole or in part, to the consideration of and termination of Plaintiff's employment effective on or about July 14, 2003.

5.)      The position descriptions for the following positions:

   a.  Chief of D.C. Protective Services ("PSD"), Grade 15;

   b.  Chief, PSD, Grade 14;

   c.  Chief, Operations Division, Emergency Management Agency, Grade 15, Reference Code 7779; and

   d.  Risk Management Coordinator, Grade 14, Reference Code 5881.

6.)      All documents that refer or relate to the grade classification of the Chief, PSD position from 2003 to the present.

7.)      All documents which refer or relate, whether in whole or in part, to all regulations, standards, guidelines, or policies of the OPM for the announcement, interviewing, and selection of vacant positions.

8.)      All regulation, policies, procedures, and/or guidelines concerning the reclassification of vacancy announcements.

9.)      All documents that refer or relate, whether in whole or in part, to the announcement and advertising for the position of Chief, PSD, Grade 15, following the termination of Plaintiff.

10.)     All documents that refer or relate, whether in whole or in part, to the review and

5

selection of applicants for the position of Chief, PSD, Grade 15, following the termination of

Plaintiff, including, but not limited to, the application packages submitted by the candidates for

the position, the roster of the best qualified candidates, notes from interviews conducted, score

sheets, and other related material.

    11.)    All documents that refer or relate, whether in whole or in part, to announcement

and advertising for the position of Chief, PSD, Grade 14, following the termination of Plaintiff.

    12.)    All documents that refer or relate, whether in whole or in part, to the review and

selection of applicants for the position of Chief, PSD, Grade 14, following the termination of

Plaintiff, including, but not limited to, the application of packages submitted by the candidates

for the position, the roster of the best qualified candidates, notes from interviews conducted,

score sheets, and other related material.

    13.)    All documents that refer or relate, whether in whole or in part, to announcement

and advertising for the position of Chief, Emergency Management Agency, Grade 15, reference

code 7779, following Plaintiff's termination.

    14.)    All documents that refer or relate, whether in whole or in part, to the review and

selection of applicants for the position of Chief, Operations Division, Emergency Management

Agency, Grade 15, reference code 7779, following Plaintiff's termination, including, but not

limited to, the application of packages submitted by the candidates for the position, the roster of

the best qualified candidates, notes from interviews conducted, score sheets, and other related

material.

    15.)    All documents that refer or relate, whether in whole or in part, to announcement

and advertising for the position of Risk Management Coordinator, Grade 14, reference code

5881, following Plaintiff's termination.

6

16.)    All documents that refer or relate, whether in whole or in part, to the review and selection of applicants for the position, Risk Management Coordinator, Grade 14, reference code 5881, following Plaintiff's termination, including but not limited to, the application of packages submitted by the candidates for the position, the roster of the best qualified candidates, notes from interviews conducted, score sheets, and other related material.

17.)    All documents, which refer or relate, whether in whole or in part, to Marceline Alexander's official personnel records with the District of Columbia.

18.)    All documents, which refer or relate, whether in whole or in part, to complaints of discrimination or retaliation (formal or informal); proceedings before the Equal Employment Opportunity Commission or the Merit Systems Protection Board involving complaints of discrimination or retaliation; grievances involving allegations of discrimination or retaliation; and suits in federal courts involving allegations of discrimination or retaliation in which any of the following persons is alleged to have engaged in discrimination or retaliation:

    a.  Marceline Alexander

19.)    All documents that refer or relate to the number of African-Americans, Hispanics, Caucasians, and other minorities, including sex, employed by OPM, including each such person's grade level, including but not limited to, any documents maintained for compliance with the U.S. Equal Employment Opportunity Commission's Management Directive 715. If such documents are available in a PC-readable format, produce them in that format.

20.)    All documents that refer or relate, whether in whole or in part, to your answers to Plaintiff's First Set of Interrogatories, which follow.

## INTERROGATORIES

1.)      <u>In accordance with Definition E</u>, identify all persons likely to have discoverable information who you may use to support your claims or defenses, and provide a complete and accurate account of the subjects of each person's information.

2.)      Provide a complete and accurate account of the processes, decisions, actions, and any alternative considerations involved in your decision to remove Plaintiff from his position of Chief, OPM including, but not limited to, identifying: a.) the reasons for your actions; b.) all persons (including human resources personnel) involved in the foregoing processes, decisions, and actions; c.) a complete and accurate account of each such person's involvement in the foregoing processes, decisions, and actions; and d.) the date of each such person's actions.

3.)      Provide a complete and accurate account of the processes and actions, following the termination of Plaintiff, leading up to the announcement of the position of Chief, PSD, Grade 15, and the basis for taking those actions, including, but not limited to, identifying each person involved by name, job title, role, and dates of action.

4.)      Identify in accordance with the Instructions and Definitions all persons involved in the selection of applicants for the Chief, PSD, Grade 15 position, following the termination of Plaintiff, including, but not limited to, identifying: a.) all personnel and human resource specialists and persons involved in the review, ranking, rating, and interviews of the position; b.) each such person's actions in the review, ranking, and interviews of the position; and c.) the date of each such person's action.

5.)      Provide a complete and accurate account of the processes, decisions, actions, and any alternative considerations involved in determining the grade classification of the Chief, PSD position from 2003 to the present, including, but not limited to, identifying: a.) all personnel and

8

human resource specialists and persons involved in the decision; b.) each such person's actions; and c.) the date of each such person's actions.

6.)     Provide a complete and accurate account of the of the processes and actions leading up to the announcement of the position of Chief, PSD, Grade 14, following the termination of Plaintiff, and the basis for taking those actions, including, but not limited to, identifying each person involved by name, job title, role, and dates of action.

7.)     Identify in accordance with the Instructions and Definitions all persons involved in the selection of applicants for the Chief, PSD, Grade 14 position, following the termination of Plaintiff, including, but not limited to, identifying: a.) all personnel and human resource specialists and persons involved in the review, ranking, rating, and interviews of the position; b.) each such person's actions in the review, ranking, and interviews of the position; and c.) the date of each such person's action.

8.)     Identify in accordance with the Instructions and Definitions all persons involved in the selection of applicants for the Chief, Operations Division, Emergency Management Agency, Grade 15 position, reference code 7779, following Plaintiff's termination, including, but not limited to, identifying: a.) all personnel and human resource specialists and persons involved in the review, ranking, rating, and interviews of the position; b.) each such person's actions in the review, ranking, and interviews of the position; and c.) the date of each such person's action.

9.)     Identify in accordance with the Instructions and Definitions all persons involved in the selection of applicants for the Risk Management Coordinator, OPM, Grade 14 position, reference code 5881, following Plaintiff's termination, including, but not limited to, identifying: a.) all personnel and human resource specialists and persons involved in the review, ranking,

rating, and interviews of the position; b.) each such person's actions in the review, ranking, and interviews of the position; and c.) the date of each such person's action.

    10.)    Identify in accordance with the Instructions and Definitions all persons who were terminated by Marceline Alexander during her tenure as Acting Director of OPM, including, but not limited to, identifying: a.) the race, national origin, and sex of each such person; b.) the position the person was terminated from; c.) the date of each such person's termination; and d.) the reason for each such person's termination.

    11.)    Identify in accordance with the Instructions and Definitions all persons who were hired by Marceline Alexander during her tenure as Acting Director of OPM, including, but not limited to, identifying: a.) the race, national origin, and sex of each such person; b.) the position the person was hired to fill; c.) the date of each such person's hire; and d.) whether the position the individual was hired to fill was a newly created position or existing position.

    12.)    For each interrogatory, identify all persons who have provided the facts upon which the answers are based; or if a document is relied upon, identify the document; as to each, specify which Request for Admission, Request for Production, or Interrogatory he or she provided or searched for response information or documents.

### <u>REQUESTS FOR ADMISSIONS</u>

    1.)    Admit that Plaintiff was competitively selected by OPM for the position of Chief, PSD in or about October 1999.

    2.)    Admit that Plaintiff's performance throughout his tenure as Chief, PSD with OPM was rated satisfactory or better.

    3.)    Admit that in mid-2002 the position of Chief, PSD was upgraded from a Grade 14 to a Grade 15 following an audit conducted by your personnel office.

4.)    Admit that following the termination of Plaintiff, you initially posted the Chief, PSD position for competition as a Grade 15.

5.)    Admit that, thereafter, you withdrew the vacancy for the Chief, PSD and ended all competition.

6.)    Admit that you reposted the Chief, PSD position on or around November 10, 2003 but as a Grade 14.

7.)    Admit that Plez Jenkins was selected to replace the Plaintiff as Chief, PSD.

8.)    Admit that at the time of his selection as Chief, PSD, Plez Jenkins encumbered a Grade 13 position, and was ineligible for hire above a Grade 14.

9.)    Admit that while Chief of PSD, Plaintiff performed the duties of the position of Risk Management Coordinator, Grade 14, Reference code 5881 as part of his duties as Chief of PSD.

10.)    Admit that Plaintiff was qualified for the position with the Emergency Management Agency, as the Chief, Operations Division, Grade 15, Reference code 7779.


Respectfully submitted,

_____/s/_____
Woodley B. Osborne, Esq.
 D.C. Bar No. 043406
1250 Connecticut Ave, N.W.
Ste. 300
Washington, D.C. 20036
202.822.511



Counsel for Plaintiff

_____/s/_____
Robert C. Seldon, Esq.
 D.C. Bar No. 245100
Jennifer R. Amore, Esq.
 D.C. Bar No. 975907
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W.
Suite 200
Washington, D.C. 20004
202.393.8200

11

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 27th day of March 2008 a true and correct copy of the foregoing Plaintiff's First Requests For Production of Documents, Set of Interrogatories, and Requests for Admissions was served by email and first class mail, postage pre-paid, upon:

Melvin W. Bolden Jr.
Assistant Attorney General
441 Fourth St., NW
Sixth Floor South
Washington, D.C. 20001

_____/s/_____
Jennifer R. Amore

**Ex  B**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS FRANCIS,                         )
                                        )
                Plaintiff,              )
                                        )        C.A. No.07 -1473 (JDB)
        v.                              )
                                        )
DISTRICT OF COLUMBIA ET AL.,            )
                                        )
                Defendants.             )
_____     )

## DEFENDANT DISTRICT OF COLUMBIA'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Tonia Campbell, Paralegal Specialist, Office of the Attorney General Counsel, 441 4th Street, N.W., Washington D.C. 20001, having been first duly sworn under oath, upon information and belief, gives the following answers to interrogatories propounded to Defendant by Plaintiff:

(a)     The information supplied in these answers is not based solely on the knowledge of the executing party, but includes knowledge of the party, its agents, representatives, and attorneys, unless privileged.

(b)     The word usage and sentence structure may be that of the attorney assisting in the preparation of these answers and thus, does not necessarily purport to be the precise language of the executing party.

(c)     Defendant reserves the right to amend, revise or supplement its answers to these interrogatories if and when new or different information becomes available.

(d)    For any additional responsive information made available through deposition testimonies, the Defendant incorporates such information for purposes of giving the Plaintiff notice that such information exists, but does not adopt such testimony as accurate and complete.

e)    In accordance with Federal Civil Procedure Rule 33(d) this Defendant will supply documents which respond to Plaintiff's interrogatory when such an answer "may be derived or ascertained" from the documents supplied and "the burden of deriving or ascertaining the answer is substantially the same" for Plaintiff and this Defendant.

### General Objections

Defendant objects to the production of any information which is protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege.  Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request.   Additionally, Defendant objects to any part of the Plaintiff's instructions which seek to impose any discovery requirements outside the scope of the rules, especially any obligation to produce information not in the Defendant's control or not currently known to its attorneys after reasonable inquiry.

Defendant objects to the personal information contained in the personnel file of an employee of the District of Columbia.  This information is not subject to release pursuant to D.C. Code § 1-631.01 and 6 DCMR 3113, absent a release from the Court.

Defendant does not possess independent knowledge of the incident in question and must rely on its agents and employees involved in the incident and/or contemporaneously filed reports of the incident in question.

## INTERROGATORIES

1.    <u>In accordance with Definition E,</u> identify all persons likely to have discoverable information who you may use to support your claims or defenses, and provide a complete and accurate account of the subject of each person's information.

   **RESPONSE:** Please refer to Defendant's Rule 26(a) (1) disclosures.  As discovery is on-going Defendant reserves the right to seasonably supplement this response.

2.    Provide a complete and accurate account of the processes, decisions, actions, and any alternative considerations involved in your decision to remove Plaintiff from his position of Chief, OPM including, but not limited to, identifying: a.) the reasons for your actions; b.) all persons (including human resources personnel) involved in the foregoing processes, decisions and actions; c.) a complete and accurate account of each person's involvement in the foregoing processes, decisions, and actions; and d) the date of each such person's actions.

   **RESPONSE:** Objection.  This interrogatory is overly broad and unduly burdensome. Further, information sought may be protected from disclosure by the deliberative process privilege, the law enforcement privilege and attorney-client privilege.  Without waiving any objection, Plaintiff is referred to D.C. Personnel Regulations; Chapter 38, Management Supervisory Service.  Marceline Alexander, the former Deputy Director of OPM, directed the implementation of the personnel action.

3.    Provide a complete and accurate account of the processes and action, following the termination of the plaintiff, leading up to the announcement of the position of Chief, PSD, Grade

15, and the basis for taking those actions, including, but not limited to, identifying each person involved by name, job title, role and dates of action.

**RESPONSE:** Objection. This interrogatory is vague and overly broad. the processes requested in the aforementioned interrogatory are distinct and unrelated. The process for terminating plaintiff's employment is set forth in D.C. Personnel Regulations, Chapter 38, management Supervisory Service. The process for filling vacancies is to post a Vacancy Announcement; applicants who apply must submit the district of Columbia Application 2000. Thereafter, applicants who qualify are placed on a selection certificate from which a selection is made. Persons who were involved in the aforementioned process were Bertha Sparrow-Jones, Personnel Specialist Darlene Mansfield; Personnel Specialist, Marceline Alexander, former Deputy Director of OPM, Carol J. Mitten, former Director of OPM. As discovery is on-going Defendant reserves the right to seasonably supplement this response.

4.      Identify in accordance with the Instructions and Definitions all persons involved in the selection of applicants for the Chief, PSD, Grade 15, following the termination of Plaintiff, including, but not limited to, identifying: a.) all personnel and human resource specialists and persons involved in the review, ranking rating, and interviews of the positions; b.) each such person's actions in the review, ranking, and interviews of the position; and c.) the date of each such persons action.

**RESPONSE:** No applicant was interviewed or selected for the position.

5.      Provide a complete and accurate account of the processes, decisions, actions, and any alternative considerations involved in determining the grade classification of the Chief, PSD position from 2003 to the present, including, but not limited to, identifying: a.) all personnel and

human resource specialists and person involved in the decision; b.) each such person's actions; and c.) the date of each such person's actions.

**RESPONSE:** Objection. This interrogatory is vague and overly broad. Without waiving any objection, see response to Interrogatory # 3.

6.    Provide a complete and accurate account of the processes and action, following the termination of the plaintiff, leading up to the announcement of the position of Chief, PSD, Grade 14, and the basis for taking those actions, including, but not limited to, identifying each person involved by name, job title, role and dates of action.

**RESPONSE:** Objection. This interrogatory is vague and overly broad. Without waiving any objection, see response to Interrogatory # 3.

7.    Identify in accordance with the Instructions' and Definitions all persons involved in the selection of applicants for the Chief, PSD, Grade 14, following the termination of plaintiff, including, but not limited to, identifying: a.) all personnel and human resource specialists and persons involved in the review, ranking rating, and interviews of the positions; b.) each such person's actions in the review, ranking, and interviews of the position; and c.) the date of each such persons action.

**RESPONSE:** Objection. This interrogatory is vague and overly broad. Without waiving any objection Carol J. Mitten, former Director of OPM and Bertha Sparrow-Jones.

8.    Identify in accordance with the Instructions and Definitions all persons involved in the selection of applicants for the Chief, Operations Division, Emergency Management Agency, Grade 15 position, reference code 7779, following Plaintiff's termination, including, but not limited to, identifying: a.) all personnel and human resource specialists and persons involved in

5

the review, ranking rating, and interviews of the positions; b.) each such person's actions in the review, ranking, and interviews of the position; and c.) the date of each such persons action.

**RESPONSE:** Objection. This interrogatory is vague and overly broad. Without waiving any objection, the Director, Emergency Management Agency. On information and belief no person was selected in reference code #7136.

9.     Identify in accordance with the Instructions and Definitions all persons involved in the selection of applicants for the Risk Management Coordinator, OPM, Grade 14 position, reference code 5881, following Plaintiff's termination, including, but not limited to, identifying: a.) all personnel and human resource specialists and persons involved in the review, ranking rating, and interviews of the positions; b.) each such person's actions in the review, ranking, and interviews of the position; and c.) the date of each such persons action.

**RESPONSE:** Objection. This request is overly broad. Without waiving any objection, a search is on-going to locate information responsive to the aforementioned interrogatory. If information is located, this response may be supplemented.

10.     Identify in accordance with the Instructions and Definitions all persons who were terminated by Marceline Alexander during her tenure as Acting Director of OPM, including but not limited to, identifying: a.) the race, national origin, and sex of each such person; b.) the position the person was terminated from; c.) the date of each such person's termination; and d.) the reason for each such person's termination.

**RESPONSE:** Objection. This request is vague, overly broad and seeks information of a personal nature not subject to release  pursuant to D.C. Code § 1-631.01 and 6 D.C.M.R. 3113 and under D.C. personnel law, absent the consent of the employee or a Court order. Without waiving any objection, a search is on-going for the information

responsive to this interrogatory.  If such information is located and upon entry of a

protective order by the Court, this interrogatory may be supplemented.

11.    Identify in accordance with the Instructions and Definitions all persons who were hired

by Marceline Alexander during her tenure as Acting Director of OPM, including but not limited

to, identifying: a.) the race, national origin, and sex of each such person; b.) the position the

person was hired to fill; c.) the date of each such person's hire; and d.) whether the position the

individual was hired to fill was a newly created position or existing position.

RESPONSE: Objection.  This request is vague, overly broad and seeks

information of a personal nature not subject to release  pursuant to D.C. Code § 1-631.01

and 6 D.C.M.R. 3113 and under D.C. personnel law, absent the consent of the employee

or a Court order. Without waiving any objection, a search is on-going for the information

responsive to this interrogatory.  If such information is located and upon entry of a

protective order by the Court, this interrogatory may be supplemented.

12.    For each interrogatory, identify all persons who have provided the facts upon which the

answers are based; or if a document is relied upon, identify the document; as to each, specify

which Request for Admissions, Request for Production, or Interrogatory he or she provided or

searched for response information or documents.

**RESPONSE:** Marceline Alexander, Benita Anderson and the staff of the Office of

Property Management provided information in response to these requests.

_____
Tonia Campbell
Paralegal Specialist

SWORN AND SUBSCRIBED before me, a Notary Public, this _19_ day of June 2008.

_____
Notary Public, D.C.

My Commission Expires: _March 31, 2010_

Objection as noted

District of Columbia : SS
Subscribed and Sworn to before me
this _19_ day of _June_, _2008_
_____
Notary Public, D.C.
My commission expires _March 31, 2010_

Respectfully submitted,

PETER NICKLES
Interim Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

KIMBERLY MATTHEWS JOHNSON
Chief, General Litigation I
D.C. Bar No. 435163

_____
MELVIN BOLDEN
Assistant Attorney General
D.C. Bar No.
Suite 6S
441 4th Street, N.W.
Washington, D.C.  20001
(202) 724-
(202) 727-3625 (fax)
E-mail: Melvin.bolden@dc.gov

8

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY on this ___*19th*___ day of ___June___ 2008 that a copy of

the foregoing Defendant District of Columbia's Response to Plaintiff's First Set of

Interrogatories was mailed postage prepaid to Woodley B. Osbourne, Esquire, 1250 Connecticut

Avenue, N.W. 20001.

9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS FRANCIS,                          )
                                         )
            Plaintiff,                   )
                                         )        C.A. No.07 -1473 (JDB)
      v.                                 )
                                         )
DISTRICT OF COLUMBIA ET AL.,             )
                                         )
            Defendants.                  )
                                         )

## DEFENDANT DISTRICT OF COLUMBIA'S RESPONSE TO PLAINITFF'S REQUEST FOR THE PRODUCTION OF DOCUMENTS

Defendant by and through counsel and pursuant to Fed. Civ. P. Rule 34, submits the following Responses to Plaintiff's First Request for the Production of Documents.

### General Objections

Defendant objects to the production of any information which is protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request. Additionally, Defendant objects to any part of the Plaintiff's instructions which seek to impose any discovery requirements outside the scope of the rules, especially any obligation to produce information not in the Defendant's control or not currently known to its attorneys after reasonable inquiry.

Defendant objects to the personal information contained in the personnel file of an employee of the District of Columbia. This information is not subject to release pursuant to D.C. Code § 1-631.01 and 6 DCMR 3113, absent a release from the Court.

Defendant does not possess independent knowledge of the incident in question and must rely on its agents and employees involved in the incident and/or contemporaneously filed reports of the incident in question. .

## General Objections

Defendant objects to the production of any information which is protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request. Additionally, Defendant objects to any part of the Plaintiff's instructions which seek to impose any discovery requirements outside the scope of the rules, especially any obligation to produce information not in the Defendant's control or not currently known to its attorneys after reasonable inquiry.

Defendant objects to the personal information contained in the personnel file of an employee of the District of Columbia. This information is not subject to release pursuant to D.C. Code §§ 1-631 *et. seq.*, 6 DCMR 3113, absent a release from the Court.

Defendant does not possess independent knowledge of the incident in question and must rely on its agents and employees involved in the incident and/or contemporaneously filed reports of the incident in question.

## DEFENDANT'S RESPONSES

1.    Provide copies of the official, signed and approved organizational charts for the D.C. Office of Property Management ("OPM") showing all positions by official title, series, and grade level, and number of incumbents from:

2

a.  immediately before the re-classification of employees into the management
    Supervisory Services("MSS");

b.  immediately after the re-classification of employees into the MSS; and

c.  the current organization of OPM.

**RESPONSE:** Objection. This request is overly broad and irrelevant to the issue at bar.
Without waiving any objection see Exhibit 1 as attached.

2.  All documents that refer or relate, whether in whole or in part, to the performance and
conduct of Plaintiff while in your employ including, but not limited to, his official and unofficial
personnel files, performance appraisals, awards, commendations, salary history, position
descriptions, individual development plans, records of work assignments, memoranda and e-
mails concerning performance, and corrective, remedial, disciplinary and other personnel action
involving him.

**RESPONSE:** Objection. This request is overly broad, vague and seeks information
protected by the attorney-client privilege, attorney work product and deliberative process
doctrines. Without waiving any objection see Exhibit # 2 as attached.

3.  All reports of investigation, inquiries, inspections, or other reviews that refer or relate,
whether in whole or in part, to the performance or conduct of plaintiff or to any misconduct
(actual or alleged) in which he engaged or witnessed in any of his supervisory positions.

**RESPONSE:** Objection. This request is overly broad, vague and seeks information
protected by the attorney-client privilege, attorney work product and deliberative process
doctrines. Without waiving any objection see Exhibit # 3 as attached.

3

4.    All documents that refer or relate, whether in whole or in part, to the consideration of and termination of plaintiff's employment effective on or about July 14, 2003.

**RESPONSE:** Objection. This request is overly broad, vague and seeks information protected by the attorney-client privilege, attorney work product and deliberative process doctrines. Without waiving any objection see Exhibit # 4 as attached.

5.    The position descriptions for the following positions:

    a.    Chief of D.C. Protective Services ("PSD"), Grade 15;

    b.    Chief< PSD, Grade14;

    c.    Chief, Operations Division, Emergency Management Agency, Grade 15, Reference Code 7779; and

    d.    Risk Management Coordinator, Grade 14, Reference Code 5881.

**RESPONSE:** Objection. This request is overly broad and vague.   Without waiving any objection see Exhibit # 5 as attached. This response may be supplemented if additional information  becomes available during the investigation of this matter.

6.    All documents that refer or relate to the grade classification of the Chief, PSD position from 2003 to present.

**RESPONSE:** - Objection. This request is overly broad, vague and unduly burdensome. .Without the aforesaid objection , see Exhibit 6 attached hereto.

7.    All documents that refer or relate, whether in whole or in part, to all regulations, standards, guideline, or policies of the OPM for the announcement, interviewing, and selection of vacant positions.

**RESPONSE:** Objection. This request is overly broad, vague and is unduly burdensome. seeks information protected by the attorney-client privilege, attorney work product and deliberative process doctrines. Without waiving any objection see Exhibit # 6 as attached.

8.     All regulation, policies, procedures and/or guidelines concerning the reclassification of vacancy announcements.

**RESPONSE:** Objection. This request is overly broad, vague and .as stated is incomprehensible.

9.     All documents that refer or relate, whether in whole or in part, to the announcement and advertising for the position of chief, PSD, Grade 15, following the termination of Plaintiff.

**RESPONSE:** Objection. This request is overly broad, vague, seeks information protected by the attorney-client privilege, attorney work product and deliberative process doctrines.   Without waiving the aforementioned objection, see Exhibit # 7 as attached.

10.     All documents that refer or relate, whether in whole or in part, to the review and selection of applicants for the position of chief, PSD, Grade 15, following the termination of Plaintiff, including but not limited to, the application package submitted by the candidates for the position, the roster of the best qualified candidates, notes from interviews conducted, score sheets, and other related material.

**RESPONSE:** Objection. This request is overly broad, vague, seeks information protected by the attorney-client privilege, attorney work product and deliberative process doctrines and information of a personal nature not subject to release pursuant to D.C. Code §§ 1-631 *et. seq.*, 6 DCMR 3113, absent a release from the Court.  Without waiving any objection, see Exhibit # 7 as attached.

11.    All documents that refer or relate, whether in whole or in part, to the announcement and advertising for the position of chief, PSD, Grade 14, following the termination of Plaintiff.

**RESPONSE:** Objection. This request is overly broad, vague, seeks information protected by the attorney-client privilege, attorney work product and deliberative process doctrines.  Without waiving any objection, see Exhibit # 8 as attached

12.    All documents that refer or relate, whether in whole or in part, to the review and selection of applicants for the position of Chief, PSD, Grade 14, following the termination of Plaintiff, including, but not limited to, application packages submitted by the candidates for the position, the roster of the best qualified candidates, notes from interviews conducted, score sheets, and other related materials.

**RESPONSE:** Objection. This request is overly broad, vague, seeks information protected by the attorney-client privilege, attorney work product and deliberative process doctrines and information of a personal nature not subject to release pursuant to D.C. Code §§ 1-631 *et. seq.*, 6 DCMR 3113.  Without waiving any objection, see Exhibit # 9 as attached

13.    All documents that refer or relate, whether in whole or in part, to announcement and advertising for the position of Chief, Emergency Management Agency, Grade 15, reference code 7779, following Plaintiff's termination.

**RESPONSE:** Objection. This request is overly broad and vague. Without waiving the aforesaid objections, a search for documents relative to code 7779 is ongoing. This response may be supplemented upon completion of defendant's investigation.

14.    All documents that refer or relate, whether in whole or in part, to the review and selection of applicants for the position of Chief, Emergency Management Agency, Grade 15, reference

6

code 7779, following the termination of Plaintiff, including, but not limited to, application packages submitted by the candidates for the position, the roster of the best qualified candidates, notes from interviews conducted, score sheets, and other related materials.

**RESPONSE:** Objection. This request is overly broad, vague, seeks information protected by the attorney-client privilege, attorney work product and deliberative process doctrines. Objection is further made because the requested information may be of a personal nature not subject to release pursuant to D.C. Code §§ 1-631 *et. seq.*, 6 DCMR 3113. Without waiving the aforesaid objections, a search for documents relative to code 7779 is ongoing. This response may be supplemented upon completion of defendant's investigation.

15.    All documents that refer or relate, whether in whole or in part, to announcement and advertising for the position of Risk Management Coordinator, Grade 14, reference code 5881, following Plaintiff's termination.

**RESPONSE:** Objection. This request is overly broad, vague, seeks information protected by the attorney-client privilege, attorney work product and deliberative process doctrines. Without waiving the aforesaid objections, a search for documents relative to code 5881 is ongoing. This response may be supplemented upon completion of defendant's investigation.

16.    All documents that refer or relate, whether in whole or in part, to the review and selection of applicants for the position of Risk Management Coordinator, Grade 14, reference code 5881, following the termination of Plaintiff, including, but not limited to, application packages submitted by the candidates for the position, the roster of the best qualified candidates, notes from interviews conducted, score sheets, and other related materials.

**RESPONSE:** Objection. This request is overly broad, vague, seeks information protected by the attorney-client privilege, attorney work product and deliberative process doctrines and

7

information of a personal nature not subject to release pursuant to D.C. Code §§ 1-631 *et. seq.*, 6

DCMR 3113, absent a release from the Court.   Without waiving the aforesaid objections, a

search for documents relative to code 5881 is ongoing. This response may be supplemented upon

completion of defendant's investigation.

17.    All documents that refer or relate, whether in whole or in part, to Marceline Alexander's

official personnel records with the District of Columbia.

**RESPONSE:** Objection. This request is overly broad, vague, seeks information

protected by the attorney-client privilege, attorney work product and deliberative process

doctrines and information of a personal nature not subject to release pursuant to D.C.

Code §§ 1-631 *et. seq.*, 6 DCMR 3113 or under DC Personnel Law. .

18.    All documents that refer or relate, whether in whole or in part, to complaints of

discrimination or retaliation (formal or informal); proceedings before the Equal Employment

Opportunity Commission or the Merit System Protection Board involving complaints of

discrimination or retaliation; grievances involving allegations of discrimination or retaliation in

which any of the following persons is alleged to have engaged in discrimination or retaliation:

a. Marceline Alexander

**RESPONSE:** Objection. This request is overly broad, vague, seeks information

protected by the attorney-client privilege, attorney work product and deliberative process

doctrines and information of a personal nature not subject to release pursuant to D.C.

Code §§ 1-631 *et. seq.*, 6 DCMR 3113 and DC Law.

19.    All documents that refer or relate, whether in whole or in part, to the number of African-

American, Hispanics, Caucasians, and other minorities, including sex, employed by OPM,

including each such person's grade level, including but not limited to, any documents maintained

for compliance with U.S. Equal Opportunity Commission's Management Directive 715. If such documents are available in a PC-readable format, produce them in that format.

**RESPONSE:** Objection. This request is overly broad and vague. Without waiving the aforesaid objection, see Exhibit 10.

20.    All documents that refer or relate, whether in whole or in part, to your answers to Plaintiff's First Set of Interrogatories, which follow.

**RESPONSE:** See Defendant District of Columbia's Response to Plaintiff's First Set of Interrogatories.

Objections as noted.

Respectfully submitted,

PETER J. NICKL;ES
Interim Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

KIMBERLY M. JOHNSON (#435163)
Section Chief, General Litigation Section I

Melvin W. Bolden, Jr.

_____
MELVIN W. BOLDEN, JR. (# 192179)
Assistant Attorney General
441 Fourth St., N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-5695

9

CERTIFICATE OF SERVICE

I certify that on the 16th day of June, 2007, a copy of the foregoing Responses to Requests for Production of Documents was served on Woodley Osborne,

Melvin W. Bolden, Jr.

_____

Melvin W. Bolden, Jr.
Assistant Attorney General

10

**Ex  C**

Law Offices
# Woodley B. Osborne
Suite 300
1250 Connecticut Avenue, N.W.
Washington, D.C. 20036

Of Counsel:
Mehri & Skalet

TEL. (202) 822-5100
FAX. (202) 822-4997

E-mail address: wosborne@findjustice.com
June 25, 2008

**BY ELECTRONIC AND REGULAR MAIL**
Melvin Bolden, Esq.
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor
Washington, D.C. 20001

Re:     Thomas Francis v. District of Columbia
        Civil Action No. 07-1473 (JDB)

Dear Mr. Bolden:

I am dismayed by the content of your responses to our discovery requests, which we received late last week, nearly two months late. Our email correspondence, which is enclosed, displays how you have strung us along as the delays in your responses mounted. In any event, as set forth below, it is now simply imperative that you promptly provide complete and proper responses in order that discovery may proceed. I am available to confer with you and Ms. Johnson tomorrow morning by telephone, or Monday in person or by telephone in order to determine whether we can agree on a discovery plan from this time forward. If that is not possible, we expect complete and timely responses to our discovery requests as detailed below.

Before commenting on your specific responses, we have a few general observations applicable to your responses as a whole.

First, your answers to our interrogatories were signed by a paralegal in your office rather than by an officer or agent of the defendant agency. This contravenes Fed. R. Civ. P. 33(b), which provides that answers are to be provided by an "officer or agent" of the governmental agency in question, and that the "[t]he person who makes the answers must sign them."

Second, it appears that you have produced no documents that were not contained in your initial disclosures. This is more than surprising, since your

Melvin Bolden, Esq.
Assistant Attorney General
June 25, 2008
page 2

obligation to provide initial disclosures extends only to information that *supports* your defenses. For an example of the significance of this obvious lapse, you have produced no electronic mail or other intra office correspondence and you have identified no other communications pertinent to our requests. It is impossible to believe that no such communication exists. Accordingly, I ask that you renew your search for such information and be prepared to attest to the completeness of that search.

Second, you have contended that virtually all of our requests seek privileged information, without supplying the privilege log that is required by Fed. R. Civ. P. 26 (b)(5)(A). Accordingly, I ask that you provide us with a complete privilege log within ten days of your receipt of this letter.

Third, a good portion of your claims of privilege rely on the provisions of the D.C. Code and accompanying regulations which extend some protections for the District's personnel records. As you well know, subject to reasonable protections for any legitimate privacy concerns that may be implicated, such records are routinely discoverable when they are otherwise relevant or likely to lead to the discovery of admissible evidence. We are perfectly willing to agree to confine our disclosure of any such materials to the Plaintiff and his counsel, and to require any witnesses who may need to examine them to agree to maintain their confidentiality. This is more than adequate to protect any privacy concerns that we can discern. If there is anything more you require, please let us know within ten days of your receipt of this letter. If we do not receive a positive response from you on this issue, we will ask the court, *inter alia*, to compel disclosure of these documents and information as part of an overall motion to compel discovery.

I set forth below our comments on your specific responses.

<u>Responses to Plaintiff's First Request for Production of Documents</u>

1. Request number 1 asked for the organizational charts for the Office of Property Management before and after the reclassification of employees into the management Supervisory Services, and currently. Contrary to your response, there is nothing "overly broad" or "irrelevant" about this request. Please take the trouble to supplement it within ten days of your receipt of this letter.

2. Request number 2 asked for documents related to the "performance and conduct of the Plaintiff while in your employ." You assert that this requests "seeks information protected by the attorney-client privilege, attorney work product and deliberative process doctrines." Please identify in your privilege log all documents that are responsive to this

Melvin Bolden, Esq.
Assistant Attorney General
June 25, 2008
page 3

request, but which you contend are protected from disclosure by one of the enumerated privileges.

3. Request number 3 asked for documents relating to the "performance or conduct of plaintiff or to any misconduct (actual or alleged) in which he engaged or witnessed in any of his supervisory positions." You assert that this requests "seeks information protected by the attorney-client privilege, attorney work product and deliberative process doctrines." Please identify in your privilege log all documents that are responsive to this request, but which you contend are protected from disclosure by one of the enumerated privileges.

4. Request number 4 asks for documents relating to "the consideration of and termination of plaintiff's employment." You assert that this requests "seeks information protected by the attorney-client privilege, attorney work product and deliberative process doctrines." Please identify in your privilege log all documents that are responsive to this request, but which you contend are protected from disclosure by one of the enumerated privileges. In addition, I note in this connection that you have provided no electronic mail correspondence, or any other intra-office correspondence, in your response to this request. As previously noted, it is unlikely in the extreme that there was no such correspondence in connection with the Plaintiff's termination. Please supplement this response within ten days of your receipt of this letter.

5. Request number 5 asked, *inter alia*, for position descriptions for Chief, Operations Division, Emergency Management Agency, Grade 15, Reference Code 7779; and Risk Management Coordinator, Grade 14, Reference Code 5881. You characterize this request as "overly broad and vague." It is difficult to imagine how it could be more narrow and precise. In any event, you did not produce the latter two documents. Please produce them within ten days of your receipt of this letter.

6. Request number 6 asked for documents relating to the "grade classification of the Chief, PSD position from 2003 to present." You characterize this request as "overly broad, vague and unduly burdensome" and provide us with a copy of regulations relating to the Management Supervisory Service. This is an inadequate response. As alleged in the Complaint, the grade for this position was changed at least twice, at times pertinent to this litigation. The Plaintiff was hired as Chief, PSD at grade 14. The position was subsequently raised to grade 15. Following Plaintiff's termination the position was initially advertised as a grade 15. It was subsequently readvertised, and ultimately filled, as a grade 14. These facts are relevant and

Melvin Bolden, Esq.
Assistant Attorney General
June 25, 2008
page 4

undisputed, and there must have been communications related to these actions. Please provide copies of the documents associated with these grade changes within ten days of your receipt of this letter.

7. Request number 7 asked for documents relating to "regulations, standards, guideline, or policies of the OPM for the announcement, interviewing, and selection of vacant positions." You assert that this request is "overly broad, vague and . . . unduly burdensome [and that it] seeks information protected by the attorney-client privilege, attorney work product and deliberative process doctrines." Please identify in your privilege log all documents that are responsive to this request, but which you contend are protected from disclosure by one of the enumerated privileges.

8. Request number 9 asked for documents relating to "the announcement and advertising for the position of chief, PSD, Grade 15, following the termination of Plaintiff." You assert that this request is "overly broad, vague and . . . unduly burdensome [and that it] seeks information protected by the attorney-client privilege, attorney work product and deliberative process doctrines." Please identify in your privilege log all documents that are responsive to this request, but which you contend are protected from disclosure by one of the enumerated privileges.

9. Request number 10 asked for documents relating to "the review and selection of applicants for the position of chief, PSD, Grade 15, following the termination of Plaintiff." You assert that this request is "overly broad, vague and . . . unduly burdensome [and that it] seeks information protected by the attorney-client privilege, attorney work product and deliberative process doctrines and information of a personal nature not subject to release pursuant to D.C. Code §§ 1-631 *et seq.*, 6 DCMR 3113, absent a release from the Court." Please identify in your privilege log all documents that are responsive to this request, but which you contend are protected from disclosure by one of the enumerated privileges. With respect to the documents you assert are privileged under D.C. Code §§ 1-631 *et seq.*, 6 DCMR 3113, we expect them to be provided, if necessary, conditioned on our agreement that they will be disclosed only to Plaintiff and his counsel, and to witnesses who agree to maintain their confidentiality.

10. Request number 11 asked for documents relating to "the announcement and advertising for the position of chief, PSD, Grade 14, following the termination of Plaintiff." You assert that this request is "overly broad, vague and . . . unduly burdensome [and that it] seeks

Melvin Bolden, Esq.
Assistant Attorney General
June 25, 2008
page 5

information protected by the attorney-client privilege, attorney work product and deliberative process doctrines."  Please identify in your privilege log all documents that are responsive to this request, but which you contend are protected from disclosure by one of the enumerated privileges.

11. Request number 12 asked for documents relating to "the review and selection of applicants for the position of chief, PSD, Grade 14, following the termination of Plaintiff."  You assert that this request is "overly broad, vague and . . . unduly burdensome [and that it] seeks information protected by the attorney-client privilege, attorney work product and deliberative process doctrines and information of a personal nature not subject to release pursuant to D.C. Code §§ 1-631 *et seq.*, 6 DCMR 3113, absent a release from the Court."  Please identify in your privilege log all documents that are responsive to this request, but which you contend are protected from disclosure by one of the enumerated privileges.  With respect to the documents you assert are privileged under D.C. Code §§ 1-631 *et seq.*, 6 DCMR 3113, we expect them to be provided, if necessary, conditioned on our agreement that they will be disclosed only to Plaintiff and his counsel, and to witnesses who agree to maintain their confidentiality.

12. Request number 13 asked for documents relating to the "announcement and advertising for the position of Chief, Emergency Management Agency, Grade 15, reference code 7779, following Plaintiff's termination."  You characterize this request as "overly broad and vague."  There is nothing broad or vague about it.  Please provide us with your responses within ten days of your receipt of this letter.

13. Request number 14 asked for documents relating to "the review and selection of applicants for the position of Chief, Emergency Management Agency, Grade 15, reference code 7779, following the termination of the Plaintiff." You assert that this request is "overly broad, vague and . . . unduly burdensome [and that it] seeks information protected by the attorney-client privilege, attorney work product and deliberative process doctrines and information of a personal nature not subject to release pursuant to D.C. Code §§ 1-631 *et seq.*, 6 DCMR 3113, absent a release from the Court."  Please identify in your privilege log all documents that are responsive to this request, but which you contend are protected from disclosure by one of the enumerated privileges.  With respect to the documents you assert are privileged under D.C. Code §§ 1-631 *et seq.*, 6 DCMR 3113, we expect them to be provided, if necessary, conditioned on our

Melvin Bolden, Esq.
Assistant Attorney General
June 25, 2008
page 6

agreement that they will be disclosed only to Plaintiff and his counsel, and to witnesses who agree to maintain their confidentiality.

14. Request number 15 asked for documents relating to the "announcement and advertising for the position of Risk Management Coordinator, Grade 14, reference code 5881, following Plaintiff's termination." You characterize this request as "overly broad and vague." There is nothing broad or vague about it. Please provide us with your responses within ten days of your receipt of this letter.

15. Request number 16 asked for documents relating to "the review and selection of applicants for the position of Risk Management Coordinator, Grade 14, reference code 5881, following the termination of the Plaintiff." You assert that this request is "overly broad, vague and . . . unduly burdensome [and that it] seeks information protected by the attorney-client privilege, attorney work product and deliberative process doctrines and information of a personal nature not subject to release pursuant to D.C. Code §§ 1-631 *et seq.*, 6 DCMR 3113, absent a release from the Court." Please identify in your privilege log all documents that are responsive to this request, but which you contend are protected from disclosure by one of the enumerated privileges. With respect to the documents you assert are privileged under D.C. Code §§ 1-631 *et seq.*, 6 DCMR 3113, we expect them to be provided, if necessary, conditioned on our agreement that they will be disclosed only to Plaintiff and his counsel, and to witnesses who agree to maintain their confidentiality.

16. Request number 17 asked for documents relating to "Marceline Alexander's official personnel records with the District of Columbia." You assert that this request is "overly broad, vague, seeks information protected by the attorney-client privilege, attorney work product and deliberative process doctrines and information of a personal nature not subject to release pursuant to D.C. Code §§ 1-631 *et seq.*, 6 DCMR 3113 or under DC Personnel Law." Please identify in your privilege log all documents that are responsive to this request, but which you contend are protected from disclosure by one of the enumerated privileges. With respect to the documents you assert are privileged under D.C. Code §§ 1-631 *et seq.*, 6 DCMR 3113, we expect them to be provided, if necessary, conditioned on our agreement that they will be disclosed only to Plaintiff and his counsel, and to witnesses who agree to maintain their confidentiality.

17. Request number 18 asked for documents relating to complaints of discrimination or retaliation" against Marceline Alexander. You assert

Melvin Bolden, Esq.
Assistant Attorney General
June 25, 2008
page 7

that this request is "overly broad, vague, seeks information protected by the attorney-client privilege, attorney work product and deliberative process doctrines and information of a personal nature not subject to release pursuant to D.C. Code §§ 1-631 *et seq.*, 6 DCMR 3113 and DC Law." Please identify in your privilege log all documents that are responsive to this request, but which you contend are protected from disclosure by one of the enumerated privileges. With respect to the documents you assert are privileged under D.C. Code §§ 1-631 *et seq.*, 6 DCMR 3113, we expect them to be provided, if necessary, conditioned on our agreement that they will be disclosed only to Plaintiff and his counsel, and to witnesses who agree to maintain their confidentiality.

<u>Responses to Plaintiff's First Set of Interrogatories</u>

1. Interrogatory number 2 asked for information regarding the Defendant's reasons for terminating the employment of the Plaintiff and the persons involved in that decision. You asserted that this interrogatory "is overly broad and unduly burdensome [and that it] may be protected by the deliberative process privilege, the law enforcement privilege and attorney-client privilege." Pursuant to Fed. R. Civ. P. 26 (b)(5)A)(ii), please identify all communications covered by this interrogatory that you claim are covered by the privileges you have asserted. In addition, please identify any documents that relate to this interrogatory that you claim are privileged. Plaintiff is plainly entitled to an answer to this interrogatory, which seeks information that is central to his claims. Accordingly, please supplement your answer within ten days of your receipt of this letter.

2. Interrogatory number 4 asked for information related to the "selection of applicants for the Chief, PSD, Grade 15" position following Plaintiff's termination. Your response simply states that "[n]o applicant was interviewed or selected for the position." We understand that. But we need to know the reason for this. Please supplement your answer within ten days of your receipt of this letter.

3. Interrogatory numbers 5 and 6 asked for information regarding the "grade classification of the Chief, PSD position from 2003 to the present," and the "announcement of the position of Chief, PSD, Grade 14," following the termination of the Plaintiff. Neither Interrogatory has been answered, save for a reference to your response to Interrogatory number 3. Plaintiff is entitled to this information. Please supplement your answer within ten days of your receipt of this letter.

Melvin Bolden, Esq.
Assistant Attorney General
June 25, 2008
page 8

4. Interrogatory numbers 8 and 9 asked for information regarding the positions of Chief, Operations Division, Emergency Management Agency, Grade 15, reference code 7779 and Risk Management Coordinator, OPM, Grade 14, reference code 5881. Your answer to number 8 is unintelligible, and you do not answer number 9. Please supplement your answer within ten days of your receipt of this letter.

5. Interrogatory number 10 asked for information regarding persons terminated by Marceline Alexander during her tenure as Acting Director of OPM." You asserted that this interrogatory is "vague, overly broad and seeks information of a personal nature not subject to release pursuant to D.C. Code § 1-631.01 and 6 D.C.M.R. 3113 and under D.C. personnel law, absent consent of the employee or a court order." I note first that, as you must know, this information was at least partially provided to the EEOC during its investigation, without the need for employee waiver or court order. So, to this extent, your objections have been waived. In any event, we ask that you identify all communications covered by this interrogatory that you claim are covered by the privileges you have asserted. In addition, please identify any documents that relate to this interrogatory that you claim are privileged. Plaintiff is plainly entitled to an answer to this interrogatory. Accordingly, please supplement your answer within ten days of your receipt of this letter.

6. Interrogatory number 11 asked for information regarding persons "hired by Marceline Alexander during her tenure as Acting Director of OPM." You asserted that this interrogatory is "vague, overly broad and seeks information of a personal nature not subject to release pursuant to D.C. Code § 1-631.01 and 6 D.C.M.R. 3113 and under D.C. personnel law, absent consent of the employee or a court order." Pursuant to Fed. R. Civ. P. 26 (b)(5)A)(ii), please identify all communications covered by this interrogatory that you claim are covered by the privileges you have asserted. In addition, please identify any documents that relate to this interrogatory that you claim are privileged. Plaintiff is plainly entitled to an answer to this interrogatory. Accordingly, please supplement your answer within ten days of your receipt of this letter.

In conclusion, let me state that we should not have to go through this laborious exercise in order to get reasonable and timely responses to straightforward discovery requests. Your actions have already caused the Plaintiff considerable expense and inconvenience and threaten to unduly delay the orderly processing of this litigation. We cannot schedule depositions until we have your responses, and if your behavior to date is any indication of things to come, the summer will be over before that occurs. As I noted at the beginning of this letter, I am available to confer with you and Ms. Johnson by telephone tomorrow morning or

Melvin Bolden, Esq.
Assistant Attorney General
June 25, 2008
page 9

Monday, in person or by telephone, to discuss these issues. If that is not possible, we expect a prompt and complete response to this letter, failing which we will seek sanctions from the court.

Be sure to send your response to this letter both to me and to my co-counsel, Robert Seldon.  As I have told you, I expect to be on vacation beginning July 1st. While I am gone, you can reach me via email or by calling my office.

Sincerely,

Woodley B. Osborne

enclosures

cc:     Kimberly M. Johnson, Esq. (by electronic and regular mail)
        Robert C. Seldon, Esq. (by electronic mail)
        Jennifer Amore, Esq. (by electronic mail)

**LETTER TO MELVIN BOLDEN - JUNE 25, 2008**

**ENCLOSURES**

**Woodley Osborne**

| | |
|---|---|
| **From:** | Bolden, Melvin (OAG) [melvin.bolden@dc.gov] |
| **Sent:** | Friday, May 16, 2008 10:41 PM |
| **To:** | Woodley Osborne |
| **Subject:** | RE: Francis v. D.C. |

Mr. Osborne: I apologize for the delay. Responses to the discovery will be provided by next Wednesday.

-----Original Message-----
From: Woodley Osborne [mailto:WOsborne@findjustice.com]
Sent: Thursday, May 15, 2008 11:15 AM
To: Bolden, Melvin (OAG)
Cc: Robert Seldon; JRA
Subject: Francis v. D.C.

Mr. Bolden--

In our conversation yesterday you indicated that your responses to our discovery requests were not ready and that you would get back to me when they were.

The discovery requests (Interrogatories, Requests for Production and Requests for Admissions) were served on you electronically and by first class mail on March 27. Responses were due April 30. They are now more than two weeks late. You have made no request, to me or to the court, for an extension of time. And you gave me no indication yesterday of any problems that were preventing your client from responding.

In these circumstances, I need your firm commitment that we will get the responses by next Wednesday at the latest. At that point they will be three weeks late. If I don't have this commitment by the close of business tomorrow, I will call the court to arrange a conference call.

WBO

Woodley B. Osborne, Esq.
Of Counsel
Mehri & Skalet, PLLC
Suite 300
1250 Connecticut Avenue, N.W.
Washington, D.C. 20036
202-822-5100; 202-822-4997 (fax)

This electronic message transmission contains information that may be confidential or privileged. The information is intended solely for the recipient and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.
If you have received this electronic transmission in error, please notify me immediately by telephone (202) 822-5100, ext. 108 or by electronic mail: wosborne@findjustice.com.
Thank you.

**Woodley Osborne**

| | |
|---|---|
| From: | Bolden, Melvin (OAG) [melvin.bolden@dc.gov] |
| Sent: | Thursday, May 22, 2008 12:02 PM |
| To: | Woodley Osborne |
| Subject: | FW: Francis v. D.C. |

Mr. Woodley, we will need 4 more working days to get the discovery to you. Will you consider a few more days?

M. Bolden

-----Original Message-----
From: Bolden, Melvin (OAG)
Sent: Friday, May 16, 2008 10:41 PM
To: 'Woodley Osborne'
Subject: RE: Francis v. D.C.

Mr. Osborne: I apologize for the delay. Responses to the discovery will be provided by next Wednesday.

-----Original Message-----
From: Woodley Osborne [mailto:WOsborne@findjustice.com]
Sent: Thursday, May 15, 2008 11:15 AM
To: Bolden, Melvin (OAG)
Cc: Robert Seldon; JRA
Subject: Francis v. D.C.

Mr. Bolden--

In our conversation yesterday you indicated that your responses to our discovery requests were not ready and that you would get back to me when they were.

The discovery requests (Interrogatories, Requests for Production and Requests for Admissions) were served on you electronically and by first class mail on March 27. Responses were due April 30. They are now more than two weeks late. You have made no request, to me or to the court, for an extension of time. And you gave me no indication yesterday of any problems that were preventing your client from responding.

In these circumstances, I need your firm commitment that we will get the responses by next Wednesday at the latest. At that point they will be three weeks late. If I don't have this commitment by the close of business tomorrow, I will call the court to arrange a conference call.

WBO

Woodley B. Osborne, Esq.
Of Counsel
Mehri & Skalet, PLLC
Suite 300
1250 Connecticut Avenue, N.W.
Washington, D.C. 20036
202-822-5100; 202-822-4997 (fax)

This electronic message transmission contains information that may be confidential or privileged. The information is intended solely for the recipient and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.
If you have received this electronic transmission in error, please notify me immediately by telephone (202) 822-5100, ext. 108 or by electronic mail: wosborne@findjustice.com. Thank you.

**Woodley Osborne**

From:       Bolden, Melvin (OAG) [melvin.bolden@dc.gov]
Sent:       Friday, June 13, 2008 11:43 AM
To:         Woodley Osborne
Subject:    RE: Francis v. DC

Mr. Osbourne: Thank you for your patience. The discovery responses are being finalized. I plan to serve them on you on Monday. Also, let's ee if agreement can be reached on dates for depositions. Please provide me with some dates.

Melvin Bolden
724-5695

-----Original Message-----
From: Woodley Osborne [mailto:WOsborne@findjustice.com]
Sent: Thursday, June 12, 2008 11:54 AM
To: Bolden, Melvin (OAG)
Cc: Robert Seldon; JRA
Subject: Francis v. DC

I've given some more thought to our conversation on Tuesday and have concluded that I now have no alternative but to call the court to arrange a conference call.

Attached is our email correspondence on May 15, 16 and 22.  In that correspondence I reminded you that your responses to our discovery requests were due on April 30.  On the 16th you promised that we would have them by May 21st.  On the 22nd you stated that you needed "4 more working days." This presumably meant you were promising the responses by May 29.  When they were not forthcoming, I called you again, only to learn that you were out of the office until June 10th.  During that interim, your supervisor, Kimberly Johnson, declined to return my telephone call.

In our conversation on Tuesday (June 10th) you gave me no indication when the responses would be forthcoming, simply stating that you had "a paralegal working on it."  You also indicated that you could not agree to scheduling any depositions this month.

We simply cannot operate this way.  If your responses are not in my hands by the end of the day, I will call Judge Bates' chambers in the morning to arrange a call.

WBO

Woodley B. Osborne, Esq.
Of Counsel
Mehri & Skalet, PLLC
Suite 300
1250 Connecticut Avenue, N.W.
Washington, D.C. 20036
202-822-5100; 202-822-4997 (fax)

This electronic message transmission contains information that may be confidential or privileged. The information is intended solely for the recipient and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.
If you have received this electronic transmission in error, please notify me immediately by telephone (202) 822-5100, ext. 108 or by electronic mail: wosborne@findjustice.com.
Thank you.

2

**Woodley Osborne**

| | |
|---|---|
| **From:** | Bolden, Melvin (OAG) [melvin.bolden@dc.gov] |
| **Sent:** | Thursday, June 19, 2008 6:04 PM |
| **To:** | Woodley Osborne |
| **Subject:** | RE: Francis v. DC |

```
Answers to interrogatories were put in the mail to you under separate cover.
-----Original Message-----
From: Woodley Osborne [mailto:WOsborne@findjustice.com]
Sent: Thursday, June 19, 2008 3:36 PM
To: Bolden, Melvin (OAG)
Cc: Robert Seldon; JRA
Subject: Francis v. DC

Mr. Bolden--

Just as a preliminary matter regarding the responses we just received in the mail today:
they did not include your Answers to Plaintiff's First Interrogatories.  I assume this
was an oversight. Please send them to me right away, via fax, as well as mail.

Thank you.

WBO

Woodley B. Osborne, Esq.
Of Counsel
Mehri & Skalet, PLLC
Suite 300
1250 Connecticut Avenue, N.W.
Washington, D.C. 20036
202-822-5100; 202-822-4997 (fax)
```

This electronic message transmission contains information that may be confidential or
privileged. The information is intended solely for the recipient and use by any other
party is not authorized. If you are not the intended recipient, be aware that any
disclosure, copying, distribution or use of the contents of this information is
prohibited.
If you have received this electronic transmission in error, please notify me immediately
by telephone (202) 822-5100, ext. 108 or by electronic mail: wosborne@findjustice.com.
Thank you.

1

**Ex  D**

# Woodley Osborne

| | |
|---|---|
| **From:** | Woodley Osborne |
| **Sent:** | Wednesday, July 16, 2008 1:53 PM |
| **To:** | 'Johnson, Kimberly Matthews (OAG)' |
| **Cc:** | 'Robert Seldon'; JRA |
| **Subject:** | RE: Francis v. DC |

Ms. Johnson--

I didn't know Mr. Bolden was departing.  You did not mention that to me in your email
yesterday.  I do know that you are fully familiar with the discovery issues that need to
be resolved in this case.  We do not necessarily need to extend the discovery cutoff.
What we do need is to know your position regarding a discovery plan.  It seems to me that
with Mr. Bolden's departure, that is now solely your responsibility.

I have told you how to reach me, and have left several messages for you.  But you seem
unwilling to receive or return my telephone calls. I ask again that you call me so that
we can discuss this and get the case on a sensible footing.

You can reach me now, and for the rest of the afternoon, at 207-348-5274.

WBO

Woodley B. Osborne
Of counsel
Mehri & Skalet
Suite 300
1250 Connecticut Avenue, N.W.
Washington, D.C. 20036
202-822-5100; 202-822-4997 (fax)

-----Original Message-----
From: Johnson, Kimberly Matthews (OAG) [mailto:kimberly.matthews@dc.gov]
Sent: Tuesday, July 15, 2008 6:38 PM
To: Woodley Osborne
Subject: RE: Francis v. DC

Mr. Osborne,

This case is being reassigned to another assistant attorney general in light of Mr.
Bolden's departure.  I agree with you that discovery will need to be extended in this
case and preferably for at least 60 days to afford the new attorney time to become
familiar with the case.  I will inform you of the Mr. Bolden's replacement as soon as
possible.  Thank you for your email.

Kimberly M. Johnson
Chief, General Litigation Section I
Civil Litigation Division
(202) 724-6636 (Tel)
(202) 715-7714 (Fax)

-----Original Message-----
From: Woodley Osborne [mailto:WOsborne@findjustice.com]
Sent: Tuesday, July 15, 2008 12:05 PM
To: Johnson, Kimberly Matthews (OAG)
Cc: Robert Seldon; JRA
Subject: RE: Francis v. DC

Ms. Johnson--

I called you this morning to ask if you could let me know if you and Mr.
Bolden will agree to enter into a discovery plan along the lines suggested in my email of
the 11th.

Can you let me know today?  You can reach me by telephone at 207-348-5274.

WBO

Woodley B. Osborne
Of counsel
Mehri & Skalet
Suite 300
1250 Connecticut Avenue, N.W.
Washington, D.C. 20036
202-822-5100; 202-822-4997 (fax)

-----Original Message-----
From: Johnson, Kimberly Matthews (OAG) [mailto:kimberly.matthews@dc.gov]

Sent: Tuesday, July 15, 2008 9:07 AM
To: Woodley Osborne
Cc: Bolden, Melvin (OAG)
Subject: RE: Francis v. DC

Mr. Osborne,

Mr. Bolden has responded to your prior email and indeed informed you that further
documents would be forthcoming.  Therefore, I don't understand your email.

Kimberly M. Johnson
Chief, General Litigation Section I
Civil Litigation Division
(202) 724-6636 (Tel)
(202) 715-7714 (Fax)

-----Original Message-----
From: Woodley Osborne [mailto:WOsborne@findjustice.com]
Sent: Monday, July 14, 2008 9:21 PM
To: Bolden, Melvin (OAG)
Cc: Johnson, Kimberly Matthews (OAG); Robert Seldon; JRA
Subject: Francis v. DC

Mr. Bolden--

I am at a loss.  Neither you nor Ms. Johnson has responded to my email message of July
11, and I have called you twice today to no avail.

I am going to call chambers tomorrow morning at 11:00.  If you wish to join me let me
know. (207-348-5274)

WBO

Woodley B. Osborne
Of counsel
Mehri & Skalet
Suite 300
1250 Connecticut Avenue, N.W.
Washington, D.C. 20036
202-822-5100; 202-822-4997 (fax)

**Woodley Osborne**

| | |
|---|---|
| **From:** | Woodley Osborne |
| **Sent:** | Friday, July 11, 2008 8:54 AM |
| **To:** | 'Bolden, Melvin (OAG)' |
| **Cc:** | Robert Seldon; JRA; Johnson, Kimberly Matthews (OAG) |
| **Subject:** | RE: Francis v. DC |

Mr. Bolden--

Obviously, we will review any additional information or documents you produce as part of your ongoing obligation to supplement your responses.  But the only way we can proceed without filing a motion to compel is on the basis of a concrete discovery plan approved by the Court. My letter of June 25 outlines what is necessary.  In sum, the plan will have to include the following, at a minimum:

        --you provide us with a complete privilege log listing all of the documents and other information that you are withholding from us on the basis of privilege, stating with respect to each document the privilege on which you rely;

        --you provide us with answers to our first interrogatories that are signed by an "officer or agent" of the Office of Property Management;

--you provide us with copies of all documents and information that we have requested, or that are embraced within our first Interrogatories, that you contend are protected from disclosure by D.C. Code §§ 1-631 et seq. and related regulations.  In this connection, my June 25th letter outlines the provisions of a protective order which is agreeable to us. If you require different or additional terms, we will be glad to consider them;

        --you agree to direct the Office of Personnel Management, its officers and agents, including without limitation, Marceline Alexander, Benita Anderson, Carol Mitten, Herbert Tillery, and any others with knowledge of the events surrounding the termination of the Plaintiff, the selection of his replacement, or his rejection for the two positions set forth in his Amended Complaint, to search their records and personal files for documents or information responsive to our initial discovery requests.  Your office must provide assurances that this has been done.

If you believe you need clarification of any of our requests, we would be glad to listen to them.

I am willing to consider agreeing to a reasonable amount of additional time for you to get this done.  In this connection, I expect that we may need to seek to enlarge the time for discovery by an additional thirty days.

Let me know if you will agree to these terms.  If so, then we can work on drafting the plan and submitting it to the court for approval.  If you do not agree, then we should report our impasse to the court as soon as possible.

I look forward to hearing from you.

WBO

Woodley B. Osborne
Of counsel
Mehri & Skalet
Suite 300
1250 Connecticut Avenue, N.W.
Washington, D.C. 20036
202-822-5100; 202-822-4997 (fax)
-----Original Message-----
From: Bolden, Melvin (OAG) [mailto:melvin.bolden@dc.gov]
Sent: Wednesday, July 09, 2008 3:00 PM
To: Woodley Osborne
Cc: Robert Seldon; JRA; Johnson, Kimberly Matthews (OAG)

3

Subject: RE: Francis v. DC

Mr. Osborne

Additional information has been obtained from the District of Columbia Department of Human Resources which will enable defendant to supplement some responses to discover previously provided. It is my suggestion that your review the supplemental information before contacting the court.

Should you need to contact me regarding this matter, I Can be reached at 724-5695.

Melvin W. Bolden, Jr.
Assistant Attorney General


-----Original Message-----
From: Woodley Osborne [mailto:WOsborne@findjustice.com]
Sent: Tuesday, July 08, 2008 12:14 PM
To: Bolden, Melvin (OAG)
Cc: Robert Seldon; JRA; Johnson, Kimberly Matthews (OAG)
Subject: Francis v. DC

Mr. Bolden--

I've heard nothing from you since my letter of June 25 (copy attached).
Please let us know by the close of business tomorrow when you are available to join us in a call to Judge Bates' clerk for the purpose of scheduling a call with the Judge.

You may reach me via email, or by telephone at 207-348-5274; or you may call Mr. Seldon's office and speak either to Mr. Seldon or Jennifer Amore.  If you respond by email be sure to copy Mr. Seldon and Ms.
Amore, who are copied on this message.

If we do not hear from you by the close of business tomorrow, we will have to make the call on our own.

WBO

Woodley B. Osborne
Of counsel
Mehri & Skalet
Suite 300
1250 Connecticut Avenue, N.W.
Washington, D.C. 20036
202-822-5100; 202-822-4997 (fax)

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS M. FRANCIS, Jr.                    )
                                          )
                Plaintiff,                )
                                          )
        v.                                )
                                          )      Civil Action No.07-1473 (JDB)
DISTRICT OF COLUMBIA                      )
                                          )
        and                               )
                                          )
OFFICE OF PROPERTY                        )
MANAGEMENT                                )
                                          )
                Defendants.               )
                                          )

## ORDER

Upon consideration of Plaintiff's Motion to Compel Discovery and to
Amend Initial Scheduling Order, defendants' partial consent thereto, and the
entire record in this matter;

It is hereby:

ORDERED that Plaintiff's Motion be, and the same hereby is, GRANTED:

ORDERED that on that or before October 3 2008, plaintiff shall provide
responses to Defendants' First Interrogatories and Defendants' First Requests
for Production of Documents.

ORDERED that on that or before September 26, 2008, defendants shall
provide complete and accurate responses to Plaintiff's First Set of Requests for
Production of Documents and Interrogatories, excluding only such information

and documents that are beyond the scope of discovery set forth in Rule 26(b),

Fed. R. Civ. P.

ORDERED that in responding, counsel for defendant shall:

a.      direct the Office of Personnel Management ("OPM"), its officers and

agents, including without limitation, Marceline Alexander, Benita

Anderson, Carol Mitten, Herbert Tillery, and any others with knowledge of

the events surrounding the termination of the Plaintiff, the selection of his

replacement, or his rejection for the two positions set forth in the First

Amended Complaint, to search both agency records and their own

personal records and files for documents or information responsive to

Plaintiff's First Interrogatories and Plaintiff's First Requests for Production

of Documents.  These searches shall extend to all electronically stored

information, including information stored by OPM or by any of the

aforementioned officers or agents on personal computers or in other

locations.  Defendants shall thereafter provide to the Plaintiff the identify of

a person or persons with knowledge of the results of the foregoing

searches.


b.      provide the Plaintiff with a privilege log listing all of the documents

and other information that they are withholding on the basis of privilege,

and complying with the Instructions in Plaintiff's First Interrogatories and

Plaintiff's First Requests for Production of Documents for withholding

documents and information on the grounds of privilege.  ;

2

c.    provide the Plaintiff with Answers to Plaintiff's First Interrogatories

that are signed by an "officer or agent" of the Office of Property

Management; and

d.    provide the Plaintiff with copies of all documents and information

covered by Plaintiff's First Interrogatories or Plaintiff's First Request for

Production of Documents, that Defendant's contend are protected from

disclosure by D.C. Code §§ 1-631 et seq. and related regulations, subject

to the provisions of the Stipulated Protective Order that is being submitted

jointly to the Court for approval simultaneously herewith.

ORDERED that the Court's Initial Scheduling Order of January 17, 2008, ,

2007 is hereby modified as follows:

-- discovery shall be completed by December 31, 2008;

-- a post-discovery status hearing shall be held on January ___,

2009 at ___ in Courtroom ___, at which time the parties will address

whether to continue with briefing on dispositive motions or for this case to

be referred for alternative dispute resolution.

ORDERED that unless this case is referred for alternative dispute

resolution, dispositive motions shall be filed on or before February 15, 2009;

oppositions thereto shall be filed on or before March 15, 2009; and replies if any

shall be filed on or before April 1, 2009.

3

ORDERED that in all other respects, the Court's Initial Scheduling Order of January 17, 2008, shall remain unmodified and in effect.

_____
UNITED STATES DISTRICT JUDGE

Dated this _____ day of ____, 2008.